MICHAEL DONAHUE, Respondent, *v.* CHESTER A. CASE, Appellant.

In construing a deed all of its parts must be taken together, and an apparent mistake therein, in one course, may be corrected by other courses, by natural monuments, by the quantity and by all the other circumstances.

When questions as to the practical location of a division line or of adverse possession are involved, the declarations and conduct of the parties as to the line are competent, and furnish important evidence.

(Argued May 26, 1874; decided September term, 1874.)

THIS was an action of trespass. The parties were adjoining proprietors, and the question was as to the division line between them. Plaintiff claimed to an old brush fence; this defendant took down, cut trees beyond and built a new fence, on the line as he claimed it. This was the trespass complained of. The description in the deed, under which plaintiff claimed, is as follows: "All that tract or parcel of land situate in the town of Onondaga, being part of lot No. 164 in said town. Beginning at the north-east corner of said lot and running from thence west thirty-one chains and forty links; thence south twenty chains and twenty links; thence south sixteen degrees east three chains and fifty links; thence north seventy degrees east twenty chains; thence north eighty-three degrees east nine chains to the east line of said lot; thence north twelve chains and sixty-five links,

to the place of beginning, containing fifty acres of land as surveyed by Giles Cornish, May 4, 1837." Defendant's land, by his deed, was bounded on that of plaintiff. At the start ing point in plaintiff's deed there was a monument, and the easterly line, which is the easterly line of the lot, was not in dispute. Upon the fifth course, "nine chains to the east line of the lot," there was a substantial stone fence, separating the fifty acres from the lands of another person. Running the lines according to the course given, this fifth course falls about eight rods short of reaching the east line of the lot, and would run that line about that distance southerly of said stone fence. The last course also would have to be lengthened about eight rods to reach the place of beginning. It would also give plaintiff about fifty-four acres, and would leave defendant with less than his quantity. If the third course of "south sixteen degrees east," be run east sixteen degrees south, the survey would prove itself, and all the lines would meet. This would give the plaintiff a little over fifty-two acres, and would leave to defendant a little over his quantity. The defendant claimed, on the trial, that this mistake had been made in plaintiff's deed. The court ruled, as matter of law, that the lines must be run according to the courses given in the deed, continuing the last so as to reach the place of beginning. *Held*, error, the commission laying down the rule as above stated, citing 3 Wash. on Real Prop., 348; 2 Hilliard on Real Prop., 371; *Croghan* v. *Nelson* (3 How. [U. S.], 187, 194); *Stevenson* v. *Erskine* (99 Mass., 367); *Needham* v. *Judson* (101 Mass., 155); *White* v. *Williams* (48 N. Y., 344); and stating that the mistake here was so clear that the court might have held it as a matter of law, at least that it should have been submitted to the jury.

The line, as run according to the deed, fell short of the brush fence, plaintiff claimed by adverse possession and practical location. These questions were litigated and submitted to the jury. Defendant testified that in 1866 he and plaintiff agreed to have a survey made and the disputed line located. He was then asked to state the conversation; this was offered as stated for the purpose of showing that the parties did not understand the fence to be the line. This

was objected to and excluded.    Defendant also offered to show that in pursuance of such an agreement a survey was made with the assistance of both parties, and other similar evidence was also offered and rejected.    This was also excluded.    *Held*, error; that the testimony was proper and material, both on the question of practical location and of adverse possession.

*William James* for the appellant.

*Oscar J. Brown* for the respondent.

EARL, C., reads for reversal.
All concur.
Judgment reversed and new trial ordered.