AARON HUMES, Respondent, v. THOMAS E. PROCTOR and Another, Appellants.

*Trespass in cutting and removing trees — measure of damages — evidence — declarations of a person in possession of land — treble damages.*

In an action brought to recover damages for trespass in cutting and removing trees growing upon the plaintiff's land, without his consent, the measure of damages is the difference between the value of the land before the timber was cut and its value after the cutting and destruction of the timber complained of. Upon the trial of such action one of the plaintiff's witnesses testified that the land in question, which was used by the plaintiff as a sugar bush, was worth $1,200 before the timber was cut and $800 afterwards; upon his cross-examination he testified that he did not think the value of the trees that stood there was $500; that the loss to the sap bush might have been that; that his estimate was the cutting of the trees and the loss to the sap bush; that the trees might have been worth to the sap bush $400. The defendant moved to strike out the estimate of the witness as to the value of the property, as being incompetent, not being based upon any market value, and being based solely upon the value of the property for sugar purposes. The motion was denied.

*Held*, that the court was justified in denying it;

That, as the jury awarded to the plaintiff only the value of the trees cut, it was manifest that the defendant was not injured by the ruling.

One of the defendant's witnesses gave testimony tending to show that the "stone corner" was not the northwest corner of the plaintiff's sugar bush lot, and, on his cross-examination, testified that he did not tell one Harris that it was. Harris was called by the plaintiff, and testified, under the defendant's objection, that such witness told him that the "stone corner" was the northwest corner of the plaintiff's sugar bush lot.

*Held*, that the evidence was properly admitted for the purpose of contradicting statements made by the defendants' witness.

The declarations of a person in possession of land, as to the extent of his claim or boundary, are admissible to show the extent of the actual occupation by him.

In such an action treble damages are a legal consequence of the finding of damages by a jury where treble damages are demanded by the complaint, and where there is no affirmative finding by the jury that the injury for which the action was brought was involuntary, or that the defendant, when he committed the injury, had probable cause to believe that the lands in question were his own.

APPEAL by the defendants, Thomas E. Proctor and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Lewis on the 21st day of May, 1892, upon the verdict of a jury for fifty-one dollars, rendered

at the Lewis County Circuit; also from an order entered in said clerk's office on the 16th day of April, 1892, denying the defendants' motion for a new trial made upon the minutes, and also from an order made at the Jefferson County Special Term and entered in the said clerk's office of Lewis county on the 21st day of May, 1892, trebling the plaintiff's damages.

*Watson M. Rogers,* for the appellants.

*Kilby & Kellogg,* for the respondent.

MARTIN, J.:

This action was for trespass in cutting and removing trees, growing upon the plaintiff's land, without his consent. Treble damages were demanded in the complaint. The defense was a general denial and a license by the plaintiff to do the acts complained of. The chief question litigated was whether the land upon which the trees in question stood was the land of the plaintiff or belonged to one of the defendants.

The proof on the part of the plaintiff tended to show that it was the plaintiff's, while the defendants' evidence was that it belonged to the defendant Proctor. The evidence of the plaintiff was sufficient to justify the jury in finding in his favor. Hence, the judgment should not be disturbed on the ground of the insufficiency of the plaintiff's evidence, and it also follows that a nonsuit was properly refused.

The defendants contend that the court erred in certain rulings made on the trial, and for that reason the judgment should be reversed. The trespass complained of was cutting trees where a plank road was built through premises claimed by the plaintiff. The proof showed that a portion, at least, of the lot over which this road was built was used by the plaintiff as a sugar bush. This particular lot originally contained about 130 acres. Subsequently the plaintiff gave his brother fifty acres of it, so that there remained about eighty acres in what was known as the " sap bush lot." On the trial the plaintiff, as a witness, was asked the value of the eighty acres before the cutting was done and its value afterwards. This evidence the defendants objected to " as incompetent, immaterial and not the proper basis for estimating damages, no

evidence having been given which justifies proof of damages."
These objections were overruled and the defendants excepted. In
this ruling we find no error. The proper measure of damages was
the difference between the value of this lot before the timber was
cut and its value after the cutting and destruction of the timber
complained of. (*Argotsinger* v. *Vines*, 82 N. Y. 308, 313; *Dwight*
v. *E., C. & N. R. R. Co.*, 132 id. 199, 202.)

The plaintiff's witness Norman J. Hosmer gave his opinion that
the eighty-acre lot was worth $1,200 before the timber was cut and
$800 afterwards. On his cross-examination he was asked by the
court if he thought the value of the trees that stood there was $500,
to which he replied: "No, sir. I think the loss to the sap bush
might have been that. My estimate was that the cutting of these
trees, the loss to the sap bush — that is the way we estimate — so
that the trees might have been worth to the sap bush $400." The
defendants' counsel subsequently moved to strike out the estimate
of the witness as to the value of the property before the building of
the plank road, and subsequently, as being incompetent, it not
being based upon any market value, and that his estimate was
based solely upon the value of the property for sugar purposes.
This motion was denied. We think the court was justified in deny-
ing it. Moreover it is manifest that the defendant was not injured
by this ruling, as the jury awarded the plaintiff only the value of the
trees cut.

Russet Harris was called as a witness by the plaintiff, and, under
the defendants' objection that the evidence was incompetent, "but
not on ground question was not put to Hoy," was permitted to tes-
tify that Nathan Hoy said that the "stone corner" was the north-
west corner of Humes' sugar bush lot. This ruling was excepted
to by the defendants, and they now insist that the court erred in
admitting the evidence. It appears from the appeal book that Hoy
had been called as a witness by the defendants, and had given evi-
dence which tended to show that the "stone corner" was not the
northwest corner of the plaintiff's sugar bush lot, and on his cross-
examination had testified that he did not tell Russet Harris that it
was. That this evidence was admitted for the sole purpose of con-
tradicting the witness Hoy is made manifest by the charge of the
court. The defendants' counsel asked the court to charge "that the

declarations of Hoy (if they shall find any were made) to Mr. Harris are no evidence of where the north corner of the one hundred and thirty acre lot is," to which the court replied : " That is true. They were not given as evidence of the fact, but as contradicting other statements made by him." In this ruling we find nothing that would justify us in reversing the judgment.

Nor do we find any error in the court's permitting the plaintiff as a witness to testify that when he and Pahud established the east corner, and put a stake there, the location of the northeast corner of the twenty-nine-acre lot was the subject of conversation. This was at most proving that at the time when the corners of the 130-acre lot were established, attention was called to the northeast corner of his twenty-nine-acre lot. The conversation between them was not admitted, but only proof of the fact that a conversation was had.

The plaintiff testified that along in the winter he saw Mr. Flynn and told him that Doucey had done a lot of damage on his land. This was objected to generally without stating any grounds of objection. The objection was overruled and the plaintiff excepted. On the plaintiff's cross-examination he had testified that he knew of Flynn and Connell, employees of the defendant Proctor, peeling bark down to the line southwesterly of the plank road. The manifest purpose of calling out this evidence was to show that the plaintiff had not had undisputed possession of the strip of land in question, and that his permitting them to thus cut and peel the timber thereon, without claim of ownership, was an admission of title in the defendant Proctor. To answer these claims it was proper to prove by the witness that he did not submit to these acts in silence, but that at the time he asserted that he had been damaged by the acts of Doucey, who was in their employ. Moreover, the evidence was within the principle that the declarations of a person in possession of land, as to the extent of his claim or boundary, are admissible to show the extent of the actual occupation by him. (*Abeel* v. *Van Gelder*, 36 N. Y. 513 ; *Donahue* v. *Case*, 61 id. 631.) The court committed no error in admitting this evidence.

We have also examined the exceptions to the charge of the court, to which our attention has been called by the defendants, but have found none that requires a reversal. The charge was an eminently fair one, and properly presented the case to the jury in a clear and

impartial manner. It was as favorable to the defendants as they could properly ask. In it we find nothing improper which could have in any way prejudiced the defendants.

Having now considered all the exceptions to which our attention has been called, the only question left for consideration is as to the propriety of the order trebling the plaintiff's damages. The complaint was obviously one for treble damages under section 1668 of the Code of Civil Procedure. Section 1667 of the Code provides: "If any person cuts down or carries off any wood, underwood, tree or timber, or girdles or otherwise despoils a tree on the land of another, without the owner's leave; * * * an action may be maintained against him, by the owner. * * *" Section 1668 then declares: "In an action brought as prescribed in the last section, the plaintiff may state in his complaint the amount of his damages, and demand judgment for treble the sum so stated. Thereupon, if * * * where issues of fact are tried, the verdict, * * * awards him any damages, he is entitled to judgment for treble the sum so awarded, except that in either of the following cases, judgment must be rendered for single damages only: 1. Where the verdict, * * * finds affirmatively that the injury, for which the action was brought, was casual and involuntary; or that the defendant, when he committed the injury, had probable cause to believe that the land was his own. 2. Where the defendant has pleaded, and the verdict, * * * finds affirmatively, that the injury for which the action was brought, was committed by taking timber, for the purpose of making or repairing a public road, or a public bridge, * * * by authority of a commissioner or overseer of highways." It is quite possible that if the defendants had asked the jury to find affirmatively that the defendants, when they committed the injury complained of, had probable cause to believe that the land belonged to the defendant Proctor, it would have so found. But no such request was made, and the jury did not thus find.

The provisions of the Code are in some respects unlike those of the Revised Statutes. While the latter provided that if, upon the trial, it should appear that the trespass was casual and involuntary, or that the defendant had probable cause to believe that the land on which the trespass was committed was his own, only single dam-

ages could be recovered, yet it did not contain the provision that the plaintiff is entitled to judgment for treble the sum awarded, unless the verdict finds affirmatively that the injury was casual and involuntary, or that the defendant, when he committed the injury, had probable cause to believe that the land was his own. The purpose of the change is said by Mr. Throop, in his note to that section, to have been to expressly require the defendant to establish, and the verdict to state, the facts which entitle the plaintiff to a judgment for single damages only. Thus it would seem that, under the statute as it now stands, treble damages are a legal consequence of the finding of damages by a jury in such an action, where there is no affirmative finding by it of any of the facts mentioned in the last two subdivisions of section 1668. Hence, we see no reason to disturb this order.

The judgment and orders must be affirmed, with costs.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment and orders affirmed, with costs.