AARON HUMES, Respondent, *v.* EMMA H. PROCTOR, Executrix, etc., of THOMAS E. PROCTOR, Deceased, et al., Appellants.

1. TRESPASS — OWNERSHIP OF LAND — MARKS AND MONUMENTS — QUESTION OF FACT. When, in an action for damages for trespass in cutting down and removing trees, a question of fact is raised as to whether the portion of a tract of land to which plaintiff claims title should be located according to the marks and monuments of a survey claimed to have been made by him and a representative of his vendor prior to the purchase thereof, or, as claimed by the defendant, a subsequent purchaser of the remainder of the tract, according to the courses and distances described in plaintiff's contract of purchase, the question is peculiarly within the province of the jury.

2. EVIDENCE — TREBLE DAMAGES. In an action against two persons for trespass in cutting down and removing trees, opinions concerning the

plaintiff's boundaries expressed by one of them, even if not competent against his co-defendant as declarations of an agent against his principal, may be competent upon the question of treble damages.

*Humes* v. *Proctor*, 73 Hun, 265, affirmed.

(Argued December 24, 1896; decided January 26, 1897.)

APPEAL from a judgment of the General Term of the Supreme Court in the fourth judicial department, entered January 16, 1894, which affirmed a judgment in favor of plaintiff entered upon a verdict, and also affirmed orders trebling damages and denying a motion for a new trial.

After the appeal to the Court of Appeals was taken, one of the defendants, Thomas E. Proctor, died and his executrix was made a party defendant in his place and stead.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Watson M. Rogers* for appellants. The plaintiff should have been nonsuited as to any trespass alleged to have been committed on the 130-acre lot. (*Muhlker* v. *Ruppert*, 124 N. Y. 627; *Wendell* v. *People*, 8 Wend. 183; *Jackson* v. *Wilkinson*, 17 Johns. 146; *Elliott* v. *Lewis*, 10 Hun, 486; *Lee* v. *Lee*, 27 Hun, 1; *White's Bank of B.* v. *Nichols*, 64 N. Y. 65.) Plaintiff was without title to maintain trespass. (*Edwards* v. *Noyes*, 65 N. Y. 125; *Mission of the I. V.* v. *Cronin*, 143 N. Y. 524; *Hardenburgh* v. *Lakin*, 47 N. Y. 109; Code Civ. Pro. §§ 368, 370; *Doherty* v. *Matsell*, 119 N. Y. 646; *Fosgate* v. *H. M. & H. Co.*, 12 Barb. 352; 12 N. Y. 580; *Pope* v. *Hanmer*, 8 Hun, 265; 74 N. Y. 240; *Doolittle* v. *Tice*, 41 Barb. 181; *Becker* v. *Van Valkenburgh*, 29 Barb. 319; *Thompson* v. *Burhans*, 79 N. Y. 99; *Price* v. *Brown*, 101 N. Y. 669; *Yates* v. *Van De Bogert*, 56 N. Y. 526; *Townsend* v. *Hayt*, 51 N. Y. 656.) Although permanent monuments control courses and distances (*Muhlker* v. *Ruppert*, 124 N. Y. 627), "so frail a witness as a stake is scarcely worthy to be called a monument." (*Cox* v. *Freedley*, 33 Penn. St. 124.) The court erroneously charged the jury in effect that the road from the "stone" corner westerly toward

66

Harrisville was not a legally constituted highway, to which charge an exception was taken. (3 Kent's Com. 451; Elliott on Roads & Streets, 91; *Hunter* v. *Trustees of Sandy Hill*, 6 Hill, 407; *President, etc.,* v. *White,* 6 Pet. 431; *Cook* v. *Harris,* 61 N. Y. 448; *Chapman* v. *Swan,* 65 Barb. 210; *People* v. *Loehfelm,* 102 N. Y. 1; *Driggs* v. *Phillips,* 103 N. Y. 77; *Pomfrey* v. *Vil. of Saratoga Spgs.,* 104 N. Y. 459; *Flack* v. *Vil. of Green Island,* 122 N. Y. 107; *City of Cohoes* v. *D. & H. C. Co.,* 134 N. Y. 398; *Lord* v. *Atkins,* 138 N. Y. 184; *People* v. *Underhill,* 144 N. Y. 316.) The evidence relating to damages was improperly received. (*Argotsinger* v. *Vines,* 82 N. Y. 308; *Dwight* v. *E., C. & N. R. R. Co.,* 132 N. Y. 199; *In re N. Y., L. & W. R. Co.* v. *Arnot,* 27 Hun, 151; *In re N. Y. C. & H. R. R. R. Co.,* 6 Hun, 149; 4 R. S. [8th ed.] 2589, § 6; *Ogsbury* v. *Ogsbury,* 115 N. Y. 290; *Anderson* v. *R., W. & O. R. R. Co.,* 54 N. Y. 334.) Declarations of the witness Carter, made in 1884, were improperly received in evidence. (1 Greenl. on Ev. § 449; *Holmes* v. *Anderson,* 18 Barb. 420; *People* v. *Cox,* 21 Hun, 47; 83 N. Y. 610.) Declarations of plaintiff were improperly received in evidence. (*People* v. *Cox,* 21 Hun, 47; 83 N. Y. 610; *Winchell* v. *Latham,* 6 Cow. 682; *C. M. L. Ins. Co.* v. *U. T. Co.,* 112 U. S. 250; *Newhall* v. *Appleton,* 124 N. Y. 668; *Carpenter* v. *E. T. Co.,* 71 N. Y. 574; *Nicolay* v. *Unger,* 80 N. Y. 54; *Bush* v. *Roberts,* 111 N. Y. 278; *Petrie* v. *Williams,* 68 Hun, 589; *Anderson* v. *R., W. & O. R. R. Co.,* 54 N. Y. 334–341; *White* v. *Miller,* 71 N. Y. 118; *Gutchess* v. *Gutchess,* 66 Barb. 483.) The court erred in trebling the damages. (Code Civ. Pro. §§ 1667, 1668; 2 R. S. 338, § 1; *Crowell* v. *Smith,* 35 Hun, 182; *Van Deusen* v. *Young,* 29 N. Y. 9; *Kirchner* v. *N. H. S. M. Co.,* 16 N. Y. Supp. 761.)

*A. E. Kilby* for respondent. Distances and courses must give way to monuments. (*Muhlker* v. *Ruppert,* 124 N. Y. 627; 9 Cow. 661; 17 Johns. 146; *Wendell* v. *People,* 8 Wend. 183; 10 Hun, 486; 27 Hun, 1; 64 N. Y. 65.) Plain-

tiff fully proved title. (*Schermerhorn* v. *Negus*, 2 Hill, 335; *McKinnon* v. *Bliss*, 21 N. Y. 206; *Hoopes* v. *A. W. W. Co.*, 37 Hun, 568; 109 N. Y. 635; 1 Greenl. on Ev. [15th ed.] 37, 39; *Dunn* v. *Cornell*, 3 Johns. Cas. 174; 1 Greenl. on Ev. § 189; *Garwood* v. *Dennius*, 4 Binn. 314; *Carver* v. *Jackson*, 9 Pet. 2; *Howland* v. *N. C. Assn.*, 66 Barb. 366; *Argotsinger* v. *Vines*, 82 N. Y. 308; *Machin* v. *Geortner*, 14 Wend. 241; Code Civ. Pro. §§ 369, 370; *Becker* v. *Van Valkenburgh*, 29 Barb. 319; 84 N. Y. 215.) The court did not err in trebling the damages. The action was brought to recover treble damages for cutting timber. (Code Civ. Pro. §§ 1184, 1667, 1668; *King* v. *Havens*, 25 Wend. 420; 1 Johns. 342; 1 Cow. 175; 2 R. S. [4th ed.] 594, 595.)

BARTLETT, J. This action was brought to recover damages for an alleged trespass in cutting and removing trees from the land of plaintiff in the town of Diana, Lewis county.

The main defense rests upon the contention that plaintiff had no title to the land in question.

The jury found title in the plaintiff, and fixed his damages at fifty-one dollars, which were trebled by the court in pursuance of the prayer of the complaint.

The learned General Term affirmed the judgment, holding that plaintiff's evidence was sufficient to justify the verdict of the jury; that there were no exceptions upon which the judgment should be reversed, and that treble damages were properly allowed.

The question of title is presented upon the following facts: Thomas Proctor, one of the defendants, now deceased, was the owner of lot 11, being a very considerable tract of woodland, except one hundred and thirty acres which plaintiff held under contract of purchase made in 1868 with the then owner of the property.

Plaintiff, prior to the drawing of the contract, was permitted to locate the one hundred and thirty acres, and for that purpose went upon the premises with a surveyor representing the vendor, and directed him to lay out a parallelo-

gram containing the specified number of acres, and thereupon, as is contended by plaintiff and substantially admitted by the surveyor, they erected marks and monuments practically locating the land to be included in the contract.

After this was done the contract was drawn between plaintiff and the vendor, the premises being described as was supposed by courses, distances and monuments according to the surveyor's notes made when the one hundred and thirty acres were so selected.

The balance of lot 11 bounded plaintiff's tract on the north, east and south and the line of the lot on the west.

In 1890 Proctor desired to build a road through the woods from an alleged highway lying to the west of lot 11 and at or near the northwest corner of plaintiff's tract to his (Proctor's) lands lying easterly of the one hundred and thirty acres.

This road was constructed, and the contention by plaintiff is that it rests upon the northerly portion of his land and Proctor's executrix insists that it lies wholly to the north of plaintiff's premises.

It thus appears that at the trial of this action, which took place about twenty-four years after plaintiff selected his land, the main question submitted to the jury was the boundaries of the tract so located by the plaintiff and vendor's surveyor, not in accordance with the courses and distances of an existing contract, but by marks and monuments then said to have been established by plaintiff.

It would not be profitable to examine the conflicting evidence submitted to the jury on this question, as it suffices to say that we have considered it carefully and find it impossible to hold that there was no evidence to sustain the verdict for plaintiff.  It was a question peculiarly within the province of the jury, and their verdict locating the road on plaintiff's land is conclusive.

The question of adverse possession by plaintiff is of no importance and is not considered on this appeal, as the case turns on the original location of the lands in question as already pointed out.  The premises, when selected, were wild

lands in the wilderness of Lewis county, and the lines and monuments were more difficult to ascertain after the lapse of nearly a quarter of a century than would be the case in a country under cultivation.

The plaintiff built a house on his land about 1867 and lived in it a portion of every year thereafter; erected other buildings later, including a sugar house; cleared a portion of land and raised hay and other crops; fenced a part of the west line and cut wood and timber from the premises.

These facts were material as bearing on the question of location.

We agree with the learned General Term as to correctness of rulings at the trial considered by them, and also as to the order trebling plaintiff's damages under sections 1667 and 1668 of the Code of Civil Procedure.

It only remains to consider several additional points presented for our determination.

It is insisted by the appellants that plaintiff did not prove title to the one hundred and thirty acres. As the question is now presented to us by the record it is not necessary to determine the legal questions discussed by appellants as to plaintiff's proofs of title.

We do not mean to intimate that there is any defect in plaintiff's proofs; but as the defendants put in evidence the deed from the state of New York to defendant Proctor, and proved by their own witness that it conveyed all of lot 11 except Aaron Humes' one hundred and thirty acres, it may well be regarded as an admission of plaintiff's title in view of the fact that it was not attacked at the trial or General Term.

The contest at the trial was over the location of the northern boundary of plaintiff's tract and the strip of land on which the road was built. Any alleged defects in the chain of plaintiff's title should have been pointed out specifically on the motion to nonsuit, so that plaintiff might have offered further evidence in regard to it if so advised.

The appellants also raise the point that the trial judge

charged the jury in effect that the road running westerly from, at or near plaintiff's northwest corner towards Harrisville was not a legally constituted highway. We do not think that the charge of the court is subject to any such construction.

The jury did not consider in their verdict, however, any question but the trespass on the one hundred and thirty acres east of the west line of lot 11, and the question of the highway was thus dropped out of the case, as fully appears by the very careful instructions of the trial judge as to the form of the verdict.

Appellants further insist that their motion to strike out certain declarations of the defendant Mead, giving his opinion as to the lines and corners of plaintiff's land, should have been granted.

It is undisputed that Mead represented Proctor to some extent in laying out the road complained of, and he is sued as a joint trespasser in this action.

It might well be doubted, if Mead had been stating facts as to the boundaries of the tract in question, that his admission would, under the circumstances, have bound Proctor, as no transaction of the principal was pending at the time, although the agency existed. (*Anderson* v. *R., W. & O. R. R. Co.,* 54 N. Y. 334–341.)

Mead said to plaintiff, according to the evidence objected to, that "there aint nobody can move you from your old lines and your corners."

This was mere opinion, which located no lines or monuments, and was perfectly harmless.

This evidence was also competent for what it was worth against Mead as to treble damages.

There are several other points which we have considered, but will not discuss.

We find no reversible error, and the judgment appealed from should be affirmed, with costs.

All concur, except O'BRIEN, J., not voting, and MARTIN, J., not sitting.

Judgment affirmed.