MARY ANN MACEY et vir, Respondents, v. AL. H. CARTER et al., Appellants.

Kansas City Court of Appeals, November 7, 1898.

1. **Township Organization:** PETITION TO SUBMIT TO VOTE: FINDING OF COUNTY COURT: JURISDICTION: TRESPASS. The finding of a county court on presentation of a petition to submit the question of the adoption of township organization to the voters of the county that such petition was signed by over one hundred taxpayers instead of legal voters is not sufficient to give said court jurisdiction to submit the question, and the adoption of township organization on such submission is void and confers no authority on township officers to open a road, and by attempting to do so they become trespassers.

2. **Trespass**: MEASURE OF DAMAGES: INSTRUCTION: FORM OF JUDG-
MENT. In this case the damages found by the jury will not be dis-
turbed though the instructions may have produced some apparent
confusion; and the court did not err in doubling such damages and
adding a statutory penalty.

*Appeal from the Grundy Circuit Court.*—HON. P. C.
STEPP, Judge.
AFFIRMED.

HUGH C. SMITH and HARBER & KNIGHT for appel-
lants.

(1) The court erred in not permitting defendants
to show the adoption of township organization by
Grundy county and that the road in question had been
legally laid out by the township board. The record
offered was substantially "on all fours," with the
record in Rousey v. Wood, 63 Mo. App. 460. (2) "The
act concerning trespass" (under which this suit was
brought) "contemplates voluntary or willful trespass
only  *  *  * and inflicts penalties upon defendant
as a wrongdoer." Emerson v. Beavaus, 12 Mo. 511;
Lindell v. Railroad, 25 Mo. 552; Hunt v. Boonville,
65 Mo. 620; Austin v. Coal Co., 72 Mo. 535; Schmitt
v. Densmore, 42 Mo. 225; Brown v. Carter, 52 Mo.
46–48; Holliday v. Jackson, 21 Mo. App. 660; Russell
v. Irly, 13 Ala. 131; Barnes v. Jones, 51 Cal. 303;
Cushing v. Dill, 2 Scam. 460; Whitcraft v. Van Deran,
12 Ill. 235; Cushman v. Oliver, 81 Ill. 444–446; Wag-
staff v. Shipple, 27 Kan. 450; Russell v. Myers, 32
Mich. 522; Mhoon v. Greenfield, 52 Miss. 434; Keirn
v. Warfield, 60 Miss. 799.

HALL & HALL for respondents.

(1) If the court committed any error in changing
and giving as changed instructions 11, 12 and 13,

asked by appellants, it was led and invited into the commission of said error by the instructions as asked by appellants, and they can not be heard to complain of the same here. · Diel v. Stegner, 56 Mo. App. 535, 540; Drennon v. Dalincourt, 56 Mo. App. 128, 133; Noyes, Norman & Co. v. Cunningham, 51 Mo. App. 194, 196; Crabtree v. Vanhoozier, 53 Mo. App. 405, 410; Gregory v. Sitlington, 54 Mo. App. 60, 63; Frank v. Curtis & Son, 58 Mo. App. 349, 354; Waller v. Railway, 59 Mo. App. 410, 425; Whitmore v. Sup. Lodge, 100 Mo. 36, 47. (2) The petitions to the county court, and the order of the court for the submission of the proposition for the adoption of township organization to the voters of the county, and all proceedings thereunder, were illegal and void, and the trial court did right in excluding the records of the same. R. S., secs. 7429, 7430; R. S. 1889, secs. 8424, 8425; Rousey v. Wood, 57 Mo. App. 650; Fisher v. Davis, 27 Mo. App. 321; Whitely v. Platte Co., 73 Mo. 30; Zimmermann v. Snowden, 88 Mo. 218; Zeibold v. Foster, 118 Mo. 349; State v. Searcy, 111 Mo. 236; Rousey v. Wood, 63 Mo. App. 460. There being no sufficient order and proceeding authorizing the opening of a road through plaintiffs' lands, the defendants were guilty of trespass. Caldwell v. Evans, 85 Ill. 170; Leslie v. St. Louis, 47 Mo. 474; Anderson v. Pemberton, 89 Mo. 61, 65; Peed v. Barker, 61 Mo. App. 556. (3) Plaintiffs had the right to have their damages doubled, and the trial court committed no error in doing so and in excluding the evidence offered by defendants against the motion to double. R. S. 1889, sec. 8676; Rousey v. Wood, 57 Mo. App. 650; Peed v. Barker, 61 Mo. App. 556.

GILL, J.—This case is here on a second appeal of the defendants. Its general nature is set out in our

former opinion, 67 Mo. App. 323. As will be seen, Mrs. Macy sued Carter, a road overseer, and others for STATEMENT. wrongfully entering upon her land tearing down and destroying her fences, etc., with the avowed purpose of opening a road through her (Mrs. Macy's) farm. At the first trial the plaintiff had a verdict for $100, which under the trespass statute, section 8676, Revised Statutes 1889, was doubled, awarding plaintiff a judgment for $200. We reversed the former judgment and remanded the case for a new trial because of the court's error in permitting plaintiff to prove certain special damages—to wit, to her meadow land—when the petition contained no allegation in relation to such special damage.

At the second trial below, the petition was amended so as to cure the defect, and upon practically the same evidence as before, plaintiff had a verdict for $25 only, and from a judgment thereon for $50 with the statutory penalty of $5 defendants have again appealed.

After a careful examination of the record and a consideration of the several objections urged, we conclude that no reversible error was committed and will therefore affirm the judgment.

Notwithstanding the wide range counsel have taken in their briefs, there were but two substantial questions in the case—were defendants guilty of a trespass and if so what ought plaintiff to recover? It must be conceded that defendant Carter and his associates entered upon plaintiff's land, tore down her fences and thereby destroyed some fencing material and for a time rendered her eighty acre pasture unfit for use. Defendants sought to justify the act by an alleged order from township commissioners, commanding said road overseer to open a new road across plaintiff's farm. Preparatory to the introduction of said order in evidence, defendants offered certain papers and records of the

Grundy county court to show that said county had adopted township organization. Two papers, denominated "petitions to re-submit township organiza-

TOWNSHIP organization: petition to submit to vote: finding of county court: jurisdiction: trespass.

tion," were offered in evidence, and these were followed by an order of the county court dated August 19, 1882, as follows: "There being a petition filed signed by over one hundred *taxpayers* praying the court to resubmit the question of township organization to the qualified voters of Grundy county to be voted upon at the next general election, etc., * * * which said petition was examined by the court and found to contain the number of *taxpayers* required by law. It was therefore ordered," etc. This order of the county court was void since it was not based on the requirements of the statute. Section 7430, Revised Statutes 1879, under which the order was made, provides, that "the county court on petition of one hundred *legal voters* of said county, shall cause to be submitted to the voters of the county the question of township organization," etc. The recitals in the order above quoted show only that the county court found that the election was petitioned for by one hundred *taxpayers* of the county—not *legal voters* as the statute required. For aught that appears the petition for election may have been signed wholly, or in part, by women, minors or nonresident property owners; they would be *taxpayers* but not "legal or qualified voters of said county." The requisite qualification of these petitioners was in the nature of a jurisdictional fact to be determined by the county court before an election could be ordered. The county court had no jurisdiction to proceed until a petition signed by at least one hundred *legal voters* of the county was presented and the record of that court should have affirmatively shown that the petitioners possessed the necessary qualifications—otherwise the proceeding

was a nullity. Fisher v. Davis, 27 Mo. App. 321, and cases cited.

The defect in the proceedings by the county court is, of itself, sufficient to destroy the entire fabric of township organization as was then pretended in Grundy county and render nugatory the whole proceeding looking to the opening of the road in question. Other objections to the proceedings need not then be considered.

This disposes then of the main question in this case. This settles the status of defendants when they went onto plaintiff's farm and by tearing away the fences attempted to open a road without her consent. They were all trespassers and subject to the provisions of section 8676 of our trespass statute, and that too even though the defendants thought they had legal right to proceed. Rousey v. Wood, 57 Mo. App. 651. This then clearly settled plaintiff's right of recovery, and the trial court properly instructed the jury to find for plaintiff.

The measure of damages, or proper amount of recovery, is the only remaining question deserving notice. Although the instructions as to measure of damages were in some apparent confusion—largely owing to instructions asked by defendants—yet the jury were fairly well advised to fix by their verdict the actual damages sustained by the plaintiff "for the throwing down and removal of her fences, damages thereto, and for the loss of the use of her pasture lands on said premises." And under this the jury rendered the following verdict: "We, the jury, find for plaintiff and assess her damage at the sum of $25." Thereupon the court, on plaintiff's motion, doubled this verdict and entered judgment for $50, adding thereto $5, the statutory penalty. There was no error in entering this

*TRESPASS: measure of damages. instruction: form of judgment.*

judgment doubling the actual damages found by the jury and adding the $5 statutory penalty; it is the identical judgment required by the statute, section 8676, Revised Statutes 1889; Rousey v. Wood, *supra*. But even if we should concede that the court, in matter of damages, gave inconsistent, or even erroneous instructions, the judgment, in face of the facts clearly shown, ought not to be disturbed. The evidence overwhelmingly shows that plaintiff suffered in excess of the verdict she received, and the defendants have no cause whatever to complain of the amount she recovers in this action.

Several other objections are made in the brief of defendants' counsel, but we deem it unnecessary to discuss them here. We have gone over these several technical matters in detail and discover nothing of any substantial prejudice to defendants. The judgment is manifestly for the right party and will be affirmed. All concur.