## MEYERS v. DILLON.

[ 65 Pac. 867 ; 66 Pac. 874.]

GAMING—EVIDENCE OF OWNERSHIP.

1. Under Hill's Ann. Laws, § 776, subd. 12, providing that it is a disputable presumption that a person is the owner of property from exercising acts of ownership over it or from common reputation of his ownership, evidence that defendant was commonly reputed to be the proprietor of a gambling game at which plaintiff claims to have lost money, is admissible in an action to recover such money.

EFFECT IN A CIVIL ACTION OF PLEA OF GUILTY OF A CRIME.

2. A record of a judgment of conviction in a criminal case based on a plea of guilty is competent evidence in a civil case of the facts upon which it was rendered ; as, where an action is brought under Hill's Ann. Laws, § 3528, to recover money lost at a gambling game which defendant is alleged to have carried on as proprietor, the record of a conviction of conducting such game, entered on defendant's plea of guilty, is competent, though not conclusive, as evidence of an admission as to the proprietorship.

GAMING—DOUBLE PENALTY—FORM OF VERDICT.

3. A verdict of the jury in an action brought under Hill's Ann. Laws, § 3528, giving a person losing money at or on certain gambling games the right to recover double the amount actually lost, showing the amount actually lost and defendant's liability, is in the nature of a special finding, and authorizes the court to render judgment for double the sum so found.

From Union : ROBERT EAKIN, Judge.

Action by John Meyers against John Dillon and Chas. Mellquist. From a judgment in favor of plaintiff as against Dillon, the latter appeals.     AFFIRMED.

*Messrs. J. W. Knowles* and *Samuel White,* for appellant, urged, among others, these points :

An instruction not applicable to any issue in the case is reversible error :  *Holt* v. *Pierson,* 41 Pac. 560 ;  *Coos Bay R. & E. R. W. & N. Co.* v. *Siglin,* 26 Or. 387 ;  *Williams* v. *Southern Pac. R. R. Co.* 42 Pac. 974.

An instruction containing a correct abstract proposition of law inapplicable to the issues raised by the pleadings is reversible error : *Railway Co.* v. *Weigers*, 54 S. W. 910 ; *Sanders* v. *Weeks*, 55 S. W. 33 ; *Keithly* v. *Southwort*, 75 Mo. App. 444; *Claybourne* v. *Chespeake R. R. Co.* 33 S. E. 262 ; *Buchtel* v. *Evans*, 21 Or. 309 ; *Roberts* v. *Parish*, 17 Or. 583; *Marks* v. *Schwartz.* 14 Or. 179; *Bowen* v. *Clark*, 22 Or. 566 ; *Campbell* v. *Metcalf*, 1 Mon. 378 ; *Hislop* v. *Moldenhauer*, 23 Or. 119.

*Messrs. Esteb & Ashwill*, for respondent, urged, among others, these points :

A record of a plea of guilty is admissible in favor of a stranger to the record and against the defendant, as an admission of the facts contained in the charge : 2 Black, Judgm. § 529 ; 2 Freeman, Judgm. (4 ed.) § 319 ; 1 Greenleaf, Ev. (14 ed.) § 527 ; *Green* v. *Bedell*, 48 N. H. 546 ; *Clark* v. *Irwin*, 9 Ohio, 131 ; *Bradley* v. *Bradley*, 11 Me. 467 ; *Woodruff* v. *Woodruff*, 11 Me. 475 ; 1 Wharton, Ev. § 788.    The appellants' counsel insists that the court erred in giving to the jury instructions Nos. 3, 5, 6, 7, and 9, and in refusing to instruct the jury to find for the appellant Dillon.    As to the courts refusal to give the instruction requested by appellant we think we have already fully presented, if we have not, the evidence before this court, and the whole record, especially appellants' brief, shows the court committed no error in refusing to give this instruction ; and the objections to Nos. 5, 6, 7, and 9 are flimsy in view of the provisions of the statute relating to the recovery of money lost at gambling games.

Taking all the instructions together, they fully and fairly protect the appellant in all his rights and he has no reason or right to complain ; and all this talk of counsel about these instructions prejudicing the jury

against appellant and his witnesses is merely a midday nightmare of the mind.

MR. CHIEF JUSTICE BEAN delivered the opinion.

This action was brought, under Section 3528, Hill's Ann. Laws, against Charles Mellquist and John Dillon, to recover double the amount of $260, alleged to have been lost by plaintiff at a game of vingt-un, or twenty-one, carried on at the time by the defendants as proprietors. The jury found "for the plaintiff and against the defendant John Dillon in the sum of $200, as the actual amount lost." From a judgment for $400 rendered on such verdict, Dillon appeals.

1. The plaintiff was permitted to give evidence that Dillon was commonly reputed to be the proprietor of the gambling game at which plaintiff lost his money, and that a short time prior thereto he had been convicted in the recorder's court, upon his plea of guilty, of so conducting the game. Defendant insists that this evidence was improperly admitted. It is a disputable presumption that "a person is the owner of property from exercising acts of ownership over it or from common reputation of his ownership": Hill's Ann. Laws, § 776, subd. 12; and it is believed that the evidence of common reputation was competent under this provision. By the section quoted, common reputation is placed on an equal footing with possession, as furnishing a presumption of ownership : *Wilson* v. *Maddock*, 5 Or. 480 ; *Bartel* v. *Lope*, 6 Or. 321 ; *Raymond* v. *Flavel*, 27 Or. 219 (40 Pac. 158). And it is clear that proof of possession and control of a gambling game would be competent, as tending to prove proprietorship or ownership.

2. A judgment of conviction, in a criminal action, after trial, is not admissible in evidence in a civil action

to establish the facts upon which it was rendered : 1 Greenleaf, Ev. (15 ed.) § 537 ; *Doyle* v. *Gore*, 15 Mont. 212 (38 Pac. 939); but where the judgment is founded upon a plea of guilty the record is competent as evidence of an admission by the defendant of a disputed fact in the civil action, although not conclusive : 2 Black, Judgm. § 529 ; Freeman, Judgm. (4 ed.) § 319 ; *Green* v. *Bedell*, 48 N. H. 546.

3.   It is insisted that the court erred in instructing the jury that their verdict, if in plaintiff's favor, should state only the amount actually lost, and in rendering judgment for double the amount so found.   The statute gives a right to a person losing money at or on certain enumerated gambling games to recover double the amount actually lost, and a verdict of the jury showing the amount of the loss and defendant's liability is in the nature of a special finding, and authorizes the court to render judgment accordingly : *Loewenberg* v. *Rosenthal*, 18 Or. 178 (22 Pac. 601); *Humes* v. *Proctor*, 151 N. Y. 520 (45 N. E. 948); *Macey* v. *Carter*, 76 Mo. App. 490.

There are several other assignments of error in the record, but it suffices to say that, after a careful examination thereof, we are of the opinion that they are without substantial merit.· The judgment is therefore affirmed.                                        AFFIRMED.

Decided 9 December, 1901.

ON REHEARING.

*Messrs. J. W. Knowles* and *Samuel White* presented an argument for appellant.

*Mr. L. A. Esteb* presented a brief for respondent.

MR. CHIEF JUSTICE BEAN delivered the opinion.

A contention is made that the record of the recorder's

court was incompetent because it stated that the defendant was convicted of gambling. The complaint charged him with conducting as owner a gambling game for money, and to this charge he entered a plea of guilty. The record of the plea, therefore, was competent evidence of an admission by him of a disputed fact in the present action, and its competency is not affected by an erroneous statement in entering the judgment.

Again, it is insisted that the court erred in stating to the jury the general provisions of the act of 1878 defining unlawful gaming, and the penalties for a violation thereof. The section of the statute under which the present action was instituted (Hill's Ann. Laws, § 3528) is a part of the act referred to, and is intelligible only by reference to the other provisions. It particularly refers to the unlawful gaming defined and punished by other sections, and is, in effect, one of the penalties for the violation of the act. It creates a cause of action in favor of the loser of money at certain gambling games against the dealer or player winning the same, or the proprietor of such game, to recover double the amount lost. One of the issues in the case was whether defendant had violated the statute by conducting as owner or proprietor one of the prohibited games, and no recovery could be had unless the jury found that fact against him. It was therefore quite proper for the court to explain, as it did in a general way, the several provisions of the act, to give the jury, as it stated at the time, "a view of the law of these sections."

The former judgment will be adhered to.

AFFIRMED ON REHEARING.