(56 Misc. Rep. 160.)

### PEOPLE v. BENNETT.

(Supreme Court, Special Term, Fulton County. October, 1907.)

1. PUBLIC LANDS—CUTTING TIMBER—DAMAGES.

Code Civ. Proc. §§ 1667, 1668, providing for treble damages for the cutting of trees, do not relate to damages to trees on lands of the state; but a complaint demanding such damages, otherwise sufficient, is not therefore liable to demurrer.

2. SAME.

Laws 1900, p. 63, c. 20, § 222, authorizing the recovery of penalties for cutting trees on state lands, in an action for trespass or in a separate action, was not repealed by amendment to Code Civ. Proc. § 488, taking effect April 23, 1900.

Action by the people against Charles H. Bennett. Demurrer to complaint overruled.

John K. Ward, for plaintiff.
Countryman, Nellis & Du Bois, for defendant.

SPENCER, J.   The complaint sets up two separate causes of action; one for trespass in cutting and destroying trees with treble damages, and the other to recover penalties under the forest, fish, and game law.   The defendant demurs:   First, that the facts set up in each cause of action are insufficient to constitute a cause of action; and, second, a misjoinder of causes of action.

It is alleged, in the first cause of action, that the plaintiff is the owner of the tract of land known as the forest preserve; that defendant has cut and carried away 69 trees therefrom and has therefore become liable to the plaintiff for treble the sum of the damages caused thereby. I have not been referred to any statute or decision as authority for demanding treble damages, except sections 1667 and 1668 of the Code of Civil Procedure.   I know of no other.   But these sections do not authorize treble damages for cutting trees on the lands of the state. They long formed a part of the Revised Statutes (Banks & Bros. [6th Ed.] pt. 3, c. 5, tit. 6, § 1), and were incorporated into the Code of Civil Procedure.   In transition, there was a slight change of terms, chiefly for tautological reasons, but no change in respect to the persons and corporate bodies to which they had application.   The operation of the statute is limited to the lands of persons and of cities, villages, and towns, and does not extend to lands of the state.   The state is a political corporate body.   If treble damages had been intended as to the cutting of trees on its land, it would have been named.   It is not a "person," within the meaning of the word as there employed.   The statute itself recognizes the distinction.   Not being within the list of corporate bodies therein mentioned, the state may not be regarded as included within its provisions.   It is not difficult to perceive the reason for this exclusion.   When first enacted, the cutting of trees on state lands was not regarded as a serious offense.   Indeed, the man who cleared the forests was regarded in the light of a public benefactor, as he rendered the most laborious service in the process of converting the wilderness into fruitful fields.   But the situation changed, and now we rightfully regard him who despoils the uplands as a criminal.   Therefore the Legislature has imposed penalties for such despoliations, but the law in respect to treble damages remains the same.   Without a clear expression of legislative intent, it will not be presumed to have been extended to the cutting of trees upon lands of the state.

If this be so, then the first cause of action must fall before the demurrer, unless the facts alleged are sufficient to sustain an action for simple trespass.   Mindful of the leniency with which pleadings are now regarded, I am inclined to that opinion.   Under the statute, as it stood in the Revised Statutes, it was doubtful whether the plaintiff or the defendant was required to produce evidence in exculpation; but, on being carried into the Code of Civil Procedure, a change was made, imposing the burden of such proof upon the defendant.   Throops' Code of Civ. Proc. 1885, §§ 1667, 1668; Humes v. Proctor, 73 Hun, 265, 26 N. Y. Supp. 315.   Hence the awarding of treble damages must be regarded as incident to the action, and the demand therefore finds appropriate place in the prayer for relief.   By demanding treble damages, the plaintiff has prayed for too much; but that does not make the pleading demurrable.   It may be stricken out or treated as surplusage.

As the first cause of action contains facts sufficient to constitute a cause of action for trespass, and the second cause of action is also sufficient, the first ground of demurrer must be overruled.

We now come to the second ground of demurrer. It must be conceded that under the Code (section 484) an action for trespass to real property may not be joined with a cause of action for penalties under the forest, fish, and game law. People v. Wells, 52 App. Div. 583, 65 N. Y. Supp. 319. This decision, although by a divided court, is conclusive here. The misplacement of subdivision 10 in section 484 of the Code, whether accidental or intentional, was the occasion of its failure to authorize the joinder. But in section 222 of the forest, fish, and game law (Laws 1900, p. 63, c. 20), we find an express permission to recover the penalties thereby imposed, either in the action for trespass or in a separate action. This provision went into effect February 10, 1900, and the aforesaid addition of subdivision 10, April 23, 1900. It is earnestly contended by defendant that the latter accomplished the repeal of the former. But the former is an express enactment, having special reference to a particular subject, while the operation of the latter comes, not from any express intention, but from its position as related to other subdivisions of the same section. Its language is not prohibitory, but permissive and regulative, and should yield to an express permission, such as is found in the other enactment. It is true that the Legislature has since added subdivisions 11 (Laws 1906, p. 50, c. 29) and 12 (Laws 1907, p. 37, c. 26), in respect to penalties under the agricultural and health laws, and placed them in the same relation as subdivision 10; but the statutes in respect to those subjects contain no provision as to the manner of enforcing penalties. Nor are they related to land, as in the case of trees. It is difficult to perceive any reason why trespass to real estate and the penalties for cutting trees thereon should not be joined in one action, if they relate to the same transaction. This, it seems to me, is the intention of the provision in the forest, fish, and game law, which evidently has reference to the action to recover damages for the trespass, thereby permitting a recovery for both damages and the penalties in one action. The general policy of the law is to limit the number of actions as much as practicable; and, inasmuch as no harm may result to the defendant from uniting the two, it would seem that the permission so to do has not been abrogated. The case of People v. Wells, supra, is not applicable. That action was brought under the forest, fish, and game law before its revision, and did not contain the provision now under consideration. That court in none of its various opinions referred to the present law and may not be regarded as having adjudicated thereon.

It follows that the demurrer must be overruled, with costs. The defendant may plead over on the usual terms.

Ordered accordingly.