Thomas P. Farley, J.
This is a motion by plaintiffs for summary judgment pursuant to rule 113 of the Rules of Civil Practice, in an action brought to recover treble damages allegedly caused by defendant’s removal and despoliation of timber and topsoil on property purchased by the plaintiffs from the defendant.
By deed dated May 24, 1960 plaintiffs acquired title to the subject property from the defendant, a developer and builder, subject, however, to a reservation in favor of the defendant granting it the following right: “to give and grant an easement to the Incorporated Village of Northport under and pursuant to a certain Declaration dated September 28, 1959, and recorded in the Suffolk County Clerk’s Office on October 22, 1959, in Liber 4712 of Conveyances, page 547, but said easement shall be confined to the area shown on the survey map of the premises made May 9,1959, by J. B. Blydenburgh ’’.
Reference to the survey shows a rectangular shaped plot approximately 170 feet by 265 feet, improved by a structure *534 described as a “ split-level ” residence. The easement is described on the survey as a “drainage easement ” and is illustrated by two dotted parallel lines running 177 feet diagonally across the rear yard of the residence. The width of this easement is shown to be 10.42 feet.
Approximately seven weeks after the closing of title, defendant entered upon plaintiffs’ land with a bulldozer to clear the easement area of trees and other foliage. This operation was followed by the excavation of a trench, between 7 and 15 feet deep, for the installation of the drainage pipe. This excavation was made by a % yard crane mounted on a truck approximately 35 feet in height by 8 feet in depth.
It is undisputed that during the process of clearing the easement area and excavating the trench, the defendant’s equipment and workmen uprooted, cut down and damaged a number of the plaintiffs’ trees situated outside the 10-foot easement area and, to some extent, churned up the topsoil. Photographs of the easement area and a damage survey prepared by a licensed land surveyor, indicate that a swath ranging from 22 feet in width on the south side of plaintiffs’ property to. 45 feet in width on the north, was cut across plaintiffs’ property by defendant’s equipment and workmen.
The defendant does not deny that the plaintiffs sustained damages to their property but, by way of defense asserts four separate theories upon which insulation from liability for the damage is predicated. Each of these theories will be separately considered.
Firstly, defendant maintains that the afore-mentioned deed reservation, when read in conjunction with the declaration therein referred to, conferred upon it an express right of access across plaintiffs’ property for the purpose of installing the drain pipe, including the right to remove plaintiffs’ trees. The declaration, insofar as herein pertinent, states as follows:
“ 1. The Developer [defendant] does hereby agree upon completion of installation of all drainage facilities, as shown on the aforesaid map;
“ (a) To convey to the Incorporated Village of Northport a good and sufficient easement ten (10) feet in width, as shown on said map, designed to contain drainage facilities; and to grant and convey complete title to all such drainage facilities located within said easement area and the right of reasonable access over and across any property on said map to said easement area for the purpose of inspection, maintenance, repair, replacement or other work, of, for and incidental to said, drainage facilities.” (Emphasis supplied.)
*535 The language of the deed is simple and unambiguous. It merely reserves to the defendant the right to grant an easement in futuro to a third party, the Incorporated Village of North-port, pursuant to the declaration. The declaration is likewise clear and unambiguous in stating that the easement was to be conveyed ‘‘ upon completion of installation of all drainage facilities.” While effect should be given to every word of a written instrument wherever possible, it is never allowable to insert or read into it a meaning to which the parties did not agree. “ [0]nly by the use of plain and direct language of the grantor, should it be held that he created a right in the nature of an easement and attached it to one parcel as the dominant estate and made the other servient thereto for all time to come.” (Clark v. Devoe, 124 N. Y. 120, 126.) Obviously no right of easement was ever intended to be vested in the defendant and, further, easement rights were to vest in the Village of Northport only after the work of installing the drainage pipes had been completed.
Defendant’s second assertion is that it possessed an implied easement by necessity to go upon the plaintiffs’ land to remove such trees and shrubs as were necessary for the proper installation of the drainage facilities. In its affidavits in opposition to this motion, defendant attempts to show that it is a physical impossibility to excavate a 7 to 15-foot deep trench in a 10-foot wide area, using modern equipment such as bulldozers and %-yard cranes. However, the court need not decide the issue as to whether the method adopted by the defendant for digging the trench was the only possible way the job could be done; or merely the most convenient and inexpensive. Absent an express grant or reservation, an easement may be implied from circumstances only when the evidence of the parties’ intention to create such an easement is clear and convincing, since implied easements are not favored by the courts (Tarolli v. Westvale Genesee, 6 N Y 2d 32). Easements by implication rest upon exceptions to the general rule that written instruments speak for themselves and their obvious result, especially in urban communities, is to fetter estates, retard building and imorovements, and violate the policy of the recording acts (Root v. Conkling, 199 App. Div. 90). Such implication falls more readily in favor of a grantee than in aid of a grantor. Ordinarily the latter cannot be heard to assert a right in disparagement of his own deed, a principle which is deeply imbedded in the common law (Olney v. Culluloo Park Co., 182 App. Div. 560), while the grantee may take the language of the deed most strongly in his favor (Paine v. Chandler, 134 N. Y. 385 ; Wells *536 v. Garbutt, 132 N. Y. 430). Moreover, where the intent as to the nature and extent of an easement is affirmatively evidenced by language in the grant, a different intent may not be implied (Antonopulos v. Postal Tel. Cable Co., 261 App. Div. 564, affd. 287 N. Y. 712). “When the language of the grant is certain and unambiguous, as here, it alone may be considered in determining the true intent of the parties to the grant, to the exclusion of the circumstances surrounding the conveyance and the situation of the parties.” (Miller v. Edmore Homes Corp., 285 App. Div. 837, affd. 309 N. Y. 839.) Thus, the existence of the documented affirmative intention in the deed that the defendant reserved only a right to grant an easement to a third person precludes the invoking of a contrary presumed intention. (Antonopulos v. Postal Tel. Cable Co., supra.)
Thirdly, defendant seeks refuge in its underlying contract of sale with the plaintiffs which contains a provision reserving to the defendant “ the right to preserve or remove as many trees as it may deem proper ”. Whatever rights the defendant may have had during construction of the dwelling with respect to the removal of trees, they were merged in the deed (Schoonmaker v. Hoyt, 148 N. Y. 425). This intention is manifest from the contract which provided ‘1 that none of the terms of this contract shall survive delivery and acceptance of the deed, except those provisions which the contract expressly states shall survive such delivery”. There is absolutely nothing in the contractual relations between the parties which would indicate that such a reservation was intended (Siebros Finance Corp. v. Kirman, 232 App. Div. 375 ; Weiland v. Bernstein, 21 Misc 2d 736) and defendant’s affidavit in opposition to this motion totally fails to support the contention in its pleading. Under such circumstances, no triable issue of fact is presented as to whether the parties intended a survival of this clause of the contract beyond delivery of the deed (Rules Civ. Prac., rule 113, subd. 2; Tripp, Guide to Motion Practice [1960 Cum. Supp.j, § 95, p. 147).
Defendant’s fourth and last contention is that a question of fact exists which must defeat this motion. The purported issue is whether the defendant had “ probable cause ” to believe that it had the right to go upon plaintiffs’ land. At common law, the gist of an action for trespass was certainly not fault. The notion was, rather, that “ [I]f the injury be done by the act of the party himself at the time, or he be the immediate cause of it, though it happened accidentally or by misfortune, yet he is answerable to trespass.” (Leame v. Bray, 3 East 593,600, 102 Eng. Rep. 724 [1803].) A prima facie case in trespass is made *537 out by showing that the defendant’s voluntary act directly produced the injury. (Hall v. Fearnley, 3 Q. B. 919, 114 Eng. Rep. 761 [1842].)
The element of “probable cause” is a creature of statute which only comes into play where treble damages are sought. Section 534 of the Real Property Law, insofar as herein applicable states that:
“In an action brought as prescribed in the last section, the plaintiff may state in his complaint the amount of bis damages, and demand judgment for treble the sum, so stated. Thereupon, if the inquisition, or, where issues of fact are tried, the verdict, report or decision, awards him any damages, he is entitled to judgment for treble the sum so awarded, except that in either of the following cases, judgment must be rendered for single damages only:
“ 1. Where the verdict, report, or decision finds affirmatively that * * * the defendant, when he committed the injury, had probable cause to believe that the land was his own.” (Emphasis supplied.)
The question thus presented is whether, where the gravamen of the complaint is trespass to land and treble damages are sought pursuant to section 534 of the Real Property Law, the defense of “ probable cause ” raises an issue of fact going to the merits of the action — or only to the issue of the quantum of damages. In the former case, summary judgment would be barred (Falk v. Goodman, 7 N Y 2d 87), whereas in the latter event it would not. (Rules Civ. Prac., rule 113, subd. 3.)
The court is of the opinion that the language of section 534, in particular the words emphasized above, indicates that the statute was intended to define the measure of damages only and that “ probable cause ” is merely a factor to be pleaded and proven by the defendant in mitigation of damages, rather than a substantive element of the plaintiffs’ prima facie case (Humes v. Proctor, 73 Hun 265, affd. 151 N. Y. 520).
In view of the above, the motion is granted.