GAY ANDERSON v. TALMAN OFFICE SUPPLIES, INC., AND ROY S. DOCKERY.

(Filed 19 September, 1951.)

1. **Automobiles § 14—**

Where half of a street at an intersection is marked for three lanes of traffic, the left lane for left turns, the center lane for through traffic and the right lane for right turns, a motorist traveling in the center lane may assume that a vehicle standing in the left lane awaiting change of the traffic signal, will turn left, G.S. 20-153, and has the right and duty to pass such vehicle on its right, since G.S. 20-149 does not apply in such circumstance.

2. **Automobiles § 8c—**

The statutory requirement that a motorist upon hearing a siren must drive his vehicle to the right side of the street and stop, G.S. 20-157, does

not relieve such motorist of the duty to ascertain before turning to his right that such movement can be made in safety or the duty to signal any vehicle approaching from his rear, G.S. 20-154.

**3. Evidence § 42d: Automobiles § 24½ (c)—**

Where the owner of a vehicle is sought to be held solely on the doctrine of *respondeat superior*, a declaration of the driver immediately after the accident which tends to establish negligence on the part of the driver is competent, and since such negligence will be imputed to the master when the doctrine is applicable, the fact that such declaration is admitted only as against the driver does not affect the result as to the master.

**4. Automobiles § 18h (3)—**

Evidence in this case tending to show that a police officer, in attempting to control traffic, was driving at a speed up to thirty-five miles per hour with his siren sounding and was injured when a vehicle standing in a lane of traffic for a left turn suddenly turned to its right, causing the collision in suit, *is held* not to show contributory negligence as a matter of law.

VALENTINE, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Rudisill, J.,* May Term, 1951, BUNCOMBE. Reversed.

Civil action for damages resulting from a truck-motorcycle collision.

On 19 April 1950, plaintiff, a motorcycle traffic police officer of Asheville, was assisting in piloting a convoy of Army vehicles in a north-south direction through Asheville. Some of the vehicles by mistake turned east on College Street. After talking to a military policeman, plaintiff started in pursuit along College Street for the purpose of overtaking the vehicles and steering them back on the right course. He was sounding his siren. The point where Valley Street intersects College Street is five or six blocks from the point where plaintiff turned on College Street and began to sound his siren. College Street is sixty feet wide. As it approaches the Valley Street intersection its southern half used by east-bound traffic is divided into three lanes. The outer lane is for vehicles intending to make a right-hand turn; the center lane is for the use of through traffic; and the inner lane next to the center line of the street is for those who intend to turn left into Valley Street.

As plaintiff approached the intersection of College and Valley Streets he was traveling in the center east-bound lane and the truck of the corporate defendant, being operated by the individual defendant Dockery, was standing at the intersection in the left-turn lane, waiting for the traffic light to turn green. Just as plaintiff was within about ten feet of the rear of the truck, Dockery suddenly cut his truck sharply ("deep") to the right and collided with the motorcycle of plaintiff near the curb. As a result plaintiff suffered certain personal injuries.

Plaintiff's speed was variously estimated at from twenty to thirty or thirty-five miles per hour. When the truck cut to the right, plaintiff slowed to about twenty-five miles per hour. Immediately after the collision the defendant Dockery stated: "It is my fault. I pulled in front of him. I heard the siren but didn't see the motorcycle." This evidence was admitted as against the defendant Dockery only. He also stated that upon hearing the siren he started to drive to the right side of the street.

It is admitted that the individual defendant was an employee of the corporate defendant and was about his master's business at the time of the collision.

Defendants allege that plaintiff was operating his motorcycle at an excessive rate of speed and undertook to pass defendant's truck on its right in violation of law and plead such conduct as contributory negligence on his part. They further allege, however, that the truck was headed east on College Street on its own right-hand side of the street, awaiting the change of the traffic light to the "go" sign, the operator intending to proceed on in an easterly direction.

At the close of plaintiff's evidence in chief the court, on motion of defendants, entered judgment of nonsuit and plaintiff appealed.

*James S. Howell and Oscar Stanton for plaintiff appellant.*
*Smathers & Meekins and J. Y. Jordan, Jr., for defendant appellees.*

BARNHILL, J. When a motorist observes signs, signals, or markings upon a street which are in common use by municipalities for the purpose of controlling and directing traffic, he has the right to assume that they were placed there by or under the direction of the municipal authorities. He may operate his automobile in obedience to such signs or signals and presume that other motorists will do likewise. If, in an action to recover damages for injuries inflicted by reason thereof, it is denied by the defendant that such signs, signals, or markings were official, plaintiff, in order to hold defendant guilty of negligence in that he disregarded them, may be required to show that they were placed on the street by direction of the proper authorities. But here there is no such denial. Hence that question is reserved for future consideration.

The rule of the road contained in G.S. 20-149 does not apply where there are three lanes available to the motorist, as here, and the forward vehicle is in the left-turn lane and the overtaking vehicle is in the through-traffic lane. *Maddox v. Brown,* 232 N.C. 542, 61 S.E. 2d 613. As the plaintiff intended to proceed easterly in the center lane across Valley Street, and had the right to assume that defendant's truck, standing in the left-turn lane, would turn to the left upon the change of the

traffic signal, he had the right and it was his duty to pass the truck on its right. This was the plain significance of the traffic-directing markings on the street. G.S. 20-153.

Defendants seek, however, to justify the conduct of the individual defendant by asserting that he heard the siren and turned to the right as required by G.S. 20-157 which provides that:

"(a) Upon the approach of any police or fire department vehicle giving audible signal by bell, siren or exhaust whistle, the driver of every other vehicle shall immediately drive the same to a position as near as possible and parallel to the right-hand edge or curb, clear of any intersection of highways, and shall stop and remain in such position unless otherwise directed by a police or traffic officer until the police or fire department vehicle shall have passed."

But on this record this position is untenable. Regardless of the fact the truck was standing in the left-turn lane and plaintiff was traveling in the center or through-traffic lane and the effect these facts may have on the respective rights and duties of the parties, the approach of a police vehicle giving a signal by siren did not nullify or suspend the provisions of G.S. 20-154, or relieve the defendant Dockery of the duty to ascertain, before turning to his right, that such movement could be made in safety, or to signal any vehicle approaching from the rear. *Williams v. Henderson,* 230 N.C. 707, 55 S.E. 2d 462; *Cox v. Lee,* 230 N.C. 155, 52 S.E. 2d 355. On this record he cut his truck sharply to the right into another traffic lane immediately in front of a vehicle to his rear at a time and under circumstances which indicate such movement could not be made in safety. This is sufficient to require the submission of appropriate issues to the jury.

That the declarations of Dockery made immediately after the collision were admitted only as against him does not affect the result as to the corporate defendant. It is not alleged that the corporate defendant committed any act of negligence. As to it, plaintiff relies on the doctrine of *respondeat superior.* If, upon consideration of all the evidence, the jury shall find that plaintiff suffered injuries as a proximate result of the negligence of Dockery, then Dockery's negligence will be imputed to the corporate defendant, thus imposing liability upon it for the injuries sustained.

The evidence is insufficient to warrant the conclusion, as a matter of law, that plaintiff was guilty of such negligence as would bar his recovery for the injuries received. Whether there is any evidence of contributory negligence sufficient to require the submission of an issue is reserved for the court below to decide, in the first instance, on the retrial of this cause.

The plaintiff, in his complaint, alleges that the truck was standing in the center lane for east-bound traffic, and defendants, in their answer,

allege it was standing on its own proper right-hand side of the street.  If the facts in respect thereto are as the evidence before us tends to show, it may be advisable for the parties to amend their pleadings so as to conform to the facts.

The judgment entered is
Reversed.

VALENTINE, J., took no part in the consideration or decision of this case.