GAY ANDERSON v. TALMAN OFFICE SUPPLIES, INC., AND ROY S. DOCKERY.

(Filed 19 November, 1952.)

**1. Trial § 31g—**

The court's instruction to the effect that the jury should scrutinize the testimony of interested witnesses, but if after such scrutiny the jury were satisfied the witnesses were telling the truth, to give the testimony of the witnesses the same weight as that of any other witness, *is held* without error.

**2. Appeal and Error § 39b—**

Appellant may not complain of the charge in respect to an issue answered in his favor.

**3. Negligence § 20—**

The charge of the court in this case defining contributory negligence and placing the burden of proof on the issue upon defendant *held* without error.

APPEAL by plaintiff from *Bobbitt, J.,* February Mixed Term, 1952, BUNCOMBE.

Civil action to recover damages resulting from a collision between a truck and a motorcycle.

On 19 April, 1950, the plaintiff, a motorcycle police officer of the city of Asheville, was assisting in directing a convoy of army vehicles through

that city. Two of the vehicles strayed from the convoy and plaintiff went in pursuit for the purpose of steering them back on the proper course. Plaintiff turned east on College Street near the Langren Hotel, some four or five blocks west of the intersection of Valley and College Streets, and as he did so, he began and continued to sound the siren with which his motorcycle was equipped. College Street along the course traveled by the plaintiff is approximately 60 feet wide. Plaintiff's evidence tended to show that at the time of the collision the southern half of College Street, used by eastbound traffic, was divided into three lanes,—the outer lane for vehicles intending to turn right on Valley Street, the center lane for through traffic, and the lane nearest the center line for traffic intending to turn left,—and that these lanes were plainly marked with arrows indicating the direction to be followed by vehicular traffic. Plaintiff's evidence tended further to show that defendant's truck was in the left-turn lane headed east.

On the contrary, defendants' evidence was to the effect that at the time and point of the collision College Street was marked only by a center line and that there were no arrows or other markings of any kind regulating or indicating the course to be followed by traffic. Defendants' evidence tended to show further that its truck was headed east on College Street in a position near the center of the southern portion of said street, so that there was a space of approximately 10 feet on the right and on the left of said truck, and that the plaintiff was negligent in attempting to pass the truck on its right.

Plaintiff, as he approached the intersection in question, was traveling east on the southern portion of College Street. The truck had stopped in observance of a traffic light. As the plaintiff, still sounding his siren, drew near the truck, the driver turned the truck to the right with the result that the motorcycle and the truck collided near the south curb of College Street. In the collision the plaintiff suffered personal injuries. There was evidence that the driver of the truck heard the siren, but did not see the vehicle. There was also evidence that the driver of the truck turned toward the south curb in obedience to the sound of the siren, which he understood to be the signal of a police or fire department vehicle. The speed of the motorcycle was estimated at 20 to 30 miles per hour.

Plaintiff's evidence tended to prove actionable negligence on the part of the defendants, while the defendants' evidence tended to establish contributory negligence on the part of the plaintiff.

It is admitted that the defendant, Dockery, driver of the truck, was an employee of his codefendant, and that he was at the time of the collision acting within the scope of his employment and was about his master's business; so that, any negligence of Dockery with respect to the collision is attributable to his codefendant.

Upon sharply conflicting evidence on all crucial phases of the case, issues of (1) negligence, (2) contributory negligence, and (3) damages were submitted to the jury. The jury answered the first and second issues Yes. From a judgment upon the verdict, plaintiff excepted and appealed, assigning errors in the charge.

*James S. Howell, Oscar Stanton, and Don C. Young for plaintiff, appellant.*

*Smathers & Meekins and J. Y. Jordan, Jr., for defendants, appellees.*

VALENTINE, J. All of appellant's exceptive assignments of error are directed toward the charge of the court. Upon a careful examination of each of these exceptions, we find in them no substantial merit.

For example, appellant's first exception challenges the court's instruction with respect to the weight the jury should give to the testimony of interested witnesses. The appellant contends that the court in this respect set an incorrect standard. The language complained of is as follows: "Now, Gay Anderson, the plaintiff, has testified as a witness in this case. Roy S. Dockery, one of the defendants, has testified as a witness in this case. Each of these two witnesses is what we call an interested witness, that is, interested in your verdict. The court instructs you with reference to each such interested witness that you should scan and scrutinize his testimony carefully in the light of his interest in your verdict, but the law says further that after you have so scanned and scrutinized his testimony closely you come to the conclusion that he is telling the truth, then you will give to the testimony of an interested witness the same weight that you would give to the testimony of a disinterested, credible witness." This portion of the charge conforms to the applicable rule. *McClamroch v. Ice Co.,* 217 N.C. 106, 6 S.E. 2d 850.

Again, appellant directs six other exceptions to portions of the charge which relate to the first issue. Plaintiff is in no position to complain of error, if any there was, in the charge on the first issue, since that issue was answered in his favor. *Scenic Stages v. Lowther,* 233 N.C. 555, 64 S.E. 2d 846, and cases there cited; *Williams v. Raines,* 234 N.C. 452, 67 S.E. 2d 343.

Plaintiff also contends that the trial court erred in its instructions with respect to negligence and contributory negligence. Upon these questions the charge was full and complete. The court correctly defined negligence and contributory negligence and repeatedly told the jury that the burden of proving contributory negligence rested upon the defendant and that this burden not only included the duty of establishing by the greater weight of the evidence the contributory negligence of the plaintiff, but

also included the duty of proving that such contributory negligence was one of the proximate causes of the injury sustained.

The statutes applicable to the facts here presented were fully discussed in the opinion of *Barnhill, J.*, when this case was here on a former appeal. *Anderson v. Office Supplies*, 234 N.C. 142, 66 S.E. 2d 677. The trial court appears to have accepted and followed that opinion as the chart and compass for the second trial.

Upon a careful examination of the entire charge, considered contextually and compositely, we find no error warranting a new trial.

No error.