Bullington *v.* Farmers' Tractor & Implement Co., Inc.

5-1879                                                324 S. W. 2d 517

Opinion delivered June 1, 1959.

*Pope, Pratt & Shamburger,* by *Julius C. Acchione,* for appellant.

*Williams & Gardner* and *Barber, Henry, Thurman & McCaskill,* for appellee.

Sam Robinson, Associate Justice. This is an appeal from a directed verdict in a suit for damages grow-

ing out of an automobile wreck. On June 11, 1956, appellant, Bullington, who lives in Pulaski County, was on his way to Morrilton, when his car developed trouble in the lubrication system. Upon his arrival at Morrilton, he took the car to appellee, Farmer's Tractor & Implement Company, hereinafter referred to as Farmer's, to have his friend, appellee O. D. Eaton, a mechanic employed by Farmer's, make the necessary repairs. Eaton discovered there was a leak in the oil line, and repaired it. He also had the motor steam cleaned, checked the points and plugs, and tuned the motor. At that time Bullington paid the bill. There is no dispute about what happened up to this point. Later, while driving the car on Highway 64 west of Morrilton, with Bullington riding in the car, Eaton drove off the highway. The car was thereby wrecked and Bullington was injured. Bullington filed this suit against Eaton and Farmer's for damages due to personal injuries and for damages to the automobile. The trial court directed a verdict for the defendants and Bullington has appealed.

Appellees attempt to sustain the directed verdict on two theories: First, Farmer's contends there is no substantial evidence that Eaton was acting in the course of his employment at the time the mishap occurred; and, second, both Eaton and Farmer's contend there is no substantial evidence of negligence on the part of Eaton. Bullington testified that they were driving on the highway at the time of the wreck, for the purpose of checking the car. Exhibit 8 introduced by Bullington is a statement made by Eaton regarding the wreck. From this statement it appears that Eaton was looking at the oil pressure gauge at the time the wreck occurred. It will be recalled that Eaton had repaired the oil line. In a statement made in connection with a claim by Eaton for workmen's compensation due to injuries he received, Mr. C. C. Torbett, president of Farmer's, stated that at the time of the accident Eaton was "checking a car that had been worked on". Bullington's testimony that they were checking the car, plus a statement of Torbett on that point, and the statement of Eaton that he was look-

ing at the oil pressure gauge when the accident occurred, made a case for the jury on whether Eaton was acting in the course of his employment at the time. There is circumstantial evidence to the effect that perhaps Bullington and Eaton were joyriding at the time of the wreck, but it was a jury question.

Appellees' second point is that there is no substantial evidence of negligence on the part of Eaton. We think the doctrine of *res ipsa loquitur* applies. Eaton was driving the car at about 50 miles per hour on a good hard surface road. From his statement in Exhibit 8, it can be inferred that he was watching the oil pressure gauge and not the road. If such were a fact, it would be a question for the jury as to whether Eaton was negligent. But in any event, the circumstances were such as to place upon Eaton the duty of explaining his action of driving off the highway. The operation of the car at the moment was under the control of Eaton and at 50 miles per hour only a fraction of a second was required to go from the road into the ditch. There was nothing Bullington could have done that would have prevented the wreck. There is no indication that prior to the mishap Eaton had been driving in a reckless manner that required Bullington, if acting with due care, to remonstrate with him or request or demand that he change his manner of driving.

One of the requisites for the application of the *res ipsa loquitur* doctrine is that the instrumentality causing the injury must be under the exclusive management or control of the person charged with negligently causing the injuries. In the case of *Southwestern Tel. & Tel. Co.* v. *Bruce,* 89 Ark. 581, 117 S. W. 564, the Court said: ''And, where the defendant owes a duty to plaintiff to use care, and an accident happens causing injury, and the accident is caused by the thing or instrumentality that is under the control or management of the defendant, and the accident is such that in the ordinary course of things it would not occur if those who have control and management use proper care, then, in the absence of evidence to the contrary, this would be evidence that the

accident occurred from the lack of that proper care. In such case the happening of the accident from which the injury results is *prima facie* evidence of negligence, and shifts to the defendant the burden of proving that it was not caused through any lack of care on its part." See also *Johnson* v. *Greenfield,* 210 Ark. 985, 198 S. W. 2d 403. And see *Hartsell* v. *Hickman,* 148 F. Supp. 782. The *res ipsa loquitur* doctrine has frequently been applied in cases such as the one we have under consideration. 5A Am. Jur. 820.

Eaton was a mechanic. He had worked on the automobile and there was evidence that he was testing the car at the time of the wreck. The jury could have concluded that the car was under the control of Eaton for the purpose of checking it. When all of the facts are considered, we think the doctrine of *res ipsa loquitur* is applicable.

In view of the fact that the case must be sent back for a new trial, we point out that appellant's contention that his Exhibit 9 should have been admitted in evidence is well taken. Appellant attempted to introduce in evidence a written statement of the defendant Eaton. Defendants' objection to admitting the statement in evidence was sustained by the court. We think the statement is admissible with an admonition to the jury that it should be considered in the case against Eaton only, and not against Farmer's. According to Eaton's statement, Exhibit 9, he was looking at the oil pressure gauge at the time the automobile left the road. The statement was in the nature of an admission by the defendant Eaton and as such it was admissible as original evidence, the same as Exhibit 8, which had been admitted.

In *Covington* v. *Little Fay Oil Co.,* 187 Ark. 1046, 13 S. W. 2d 306, this Court said: "It is well settled that any statements made by a party to a suit against his interest, bearing on material facts, are competent as original testimony. *Collins* v. *Mack,* 31 Ark. 684; *St. L. I. M. & S. R. Co.* v. *Dallas,* 93 Ark. 209, 124 S. W. 247; *Jefferson* v. *Souter,* 150 Ark. 55, 233 S. W. 805; and *McCor-*

*mack-Reedy Lumber Co.* v. *Savage,* 169 Ark. 192, 273 S. W. 1028.''

Reversed and remanded for new trial.