Argued June 9, affirmed June 29, 1960

# HAZARD *v.* SALLES

353 P. 2d 548

*James K. Buell* argued the cause for appellants. On the briefs were Phillips, Coughlin, Buell & Phillips, Portland.

*Lynn Moore,* Springfield, argued the cause and filed a brief for respondent.

Before McALLISTER, Chief Justice, and ROSSMAN, WARNER, GOODWIN and HOLMAN, Justices.

HOLMAN, J. (Pro Tempore)

The plaintiff Hazard brought this action for damages for personal injuries against defendants Salles and United Tractor & Equipment, Inc. Plaintiff was employed as an iron worker on an overpass which was being built over highway 99 a few miles north of the city of Albany. Defendant Salles was the driver of a truck for the defendant United which was towing a crane. The truck attempted to pass under the over-

pass on which plaintiff was working. The top of the crane did not have sufficient clearance and demolished the entire structure, causing the injuries to plaintiff of which he complains.

One of the specifications of negligence charged by plaintiff against defendant was operating a vehicle and load of an excessive height. Defendants denied negligence and liability. A trial was had which resulted in a verdict for plaintiff in the sum of $5,054.50. From the entry of this judgment and the refusal to grant a new trial, defendants appeal.

During the course of the trial plaintiff introduced into evidence a complaint against the defendant Salles filed in the district court, charging him with the crime of moving over the public highway a motor vehicle in excess of 13 feet 6 inches in height, to-wit, 14 feet 8⅜ inches, and the judgment roll showing he had pleaded guilty to the complaint. These were admitted by the court over defendants' objection that they were incompetent and irrelevant, and in addition that they were cumulative because defendants then admitted the height of the load to be 14 feet 8⅜ inches. At the completion of the testimony both defendants moved the court for an instruction directing the jury to disregard the complaint and judgment roll. These motions were denied and an exception allowed.

Defendants' claim of error is based solely on the action of the trial court in admitting the evidence and then refusing the request to instruct the jury to disregard it.

Defendant Salles admits that a plea of guilty in a criminal proceeding may be admissible in a civil action against a defendant making such a plea, as an admission against interest. He claims, however, that as

he had already admitted the height charged in the criminal complaint, he had admitted the only fact the evidence offered was competent to prove and that it was, therefore, cumulative. He contends that when cumulative evidence tends to incite the passion and prejudice of the jury, as in this case, it was reversible error to admit it and then to fail to instruct the jury to disregard it.

Defendant United makes the same contentions as does Salles, except in addition it contends that such an admission by an employee at some time after the accident in question is not admissible against or binding upon the principal or employer.

■ As to the defendant Salles the evidence was admissible as an admission against interest. *Meyers v. Dillon,* 39 Or 581, 65 P 867, 66 P 814; *Spain v. Oregon-Washington R. & N. Co.,* 78 Or 355, 153 P 470; *Tycer v. Hartsell,* 184 Or 310, 198 P2d 263; 4 Wigmore on Evidence (3rd ed), 59, § 1066, note 7; McCormick on Evidence (Hornbook) 512, § 242. It was cumulative, however, as soon as he admitted the height of the load before the trial court. However, he had denied liability and the allegation of negligence as to height and then, insofar as the record shows, first was willing to admit the height after the documentary evidence in question had been identified and moved in introduction. We believe it was discretionary with the trial court as to whether it should have been admitted. Its introduction under such circumstances could only be called error as to this defendant if it was plainly evident that the cumulative evidence was such as would clearly incite the jury.

■ The evidence was clearly inadmissible against the defendant United, and it was error to have refused its request to instruct the jury to disregard it as to

them. *Wicktorwitz v. Farmers Ins. Co.,* 31 Or 569, 51 P 75; *Alden v. Grande Ronde Lumber Co.,* 46 Or 593, 81 P 385; *Fredenthal v. Brown,* 52 Or 33, 95 P 1114; McCormick on Evidence (Hornbook) 518, § 244; 2 Jones on Evidence (5th ed) 669, § 355; 4 Wigmore on Evidence (3rd ed) 120-123, § 1078. This does not mean, however, that the error was necessarily prejudicial.

The crime charged was a simple misdemeanor which involved no moral turpitude. We cannot say its tendency would be to incite the jury as to either defendant.

Both defendants contend that the amount of the jury verdict was so grossly disproportionate to the injuries suffered that this was proof that the jury was incited and inflamed against them by the introduction of the evidence in question. This requires an examination of the evidence concerning plaintiff's injuries.

From an examination of the testimony it appears that there was sufficient evidence for the jury to come to the following conclusions: that at the time of the accident plaintiff was thrown down across a beam and got to his feet and ran off the overpass as it was collapsing; that he received a scratch on his leg which left a scar about three inches long; that he did no more work that day and felt a little sick in his stomach on his way home and had pain between his shoulders; that on his way home he stopped at a relative's to pick up his wife and he lay down there for a while before he continued on home; that he was upset and badly shaken up and seemed ill when he arrived at home; that he went to a doctor after three days, received some pills, and was told to go home and put heat on his neck and shoulders, although this did not seem to do much good, and he went to another doctor

16 days after the accident; that he saw this doctor about 10 times, received a novacaine injection, heat treatments and medication for pain, muscular relaxation, and as an aid to sleep; that he received massage, heat lamp treatments and treatments with a vibrator pillow at home from his wife; that he had terrific headaches after the accident; that he still had pain at the time of trial; that while he lost no work, he had difficulty working after the accident and was going to have to give it up, but he got a job as foreman where he did not have to do heavy work, so he stayed; that at the time the doctor first saw him 16 days after the accident he had muscle spasm in his neck; that his complaints were due to irritation of the nerve roots in the neck; that at the time of the doctor's last examination immediately prior to trial and almost a year after the accident, he had some limitation of his head motion in turning it toward the right shoulder; that he would be susceptible to an injury of this type in the future; that as a residual of the accident he has a chronic fibrositis, which is scar tissue in the muscles of his neck and is a permanent condition.

From the above it would seem to this court that the amount of money given was not so grossly disproportionate to the injuries as to indicate the jury was incited and inflamed against the defendants.

While the trial court committeed error in failing to instruct the jury that they should disregard the evidence in question insofar as the defendant United is concerned, we do not believe that the error was prejudicial. Therefore, the judgment of the trial court is affirmed.