Argued July 7, affirmed September 7, 1960

STAM *v.* SALLES ET AL

355 P. 2d 93

*H. H. Phillips,* Portland, argued the cause for the appellants. With him on the briefs were James K. Buell and Phillips, Coughlin, Buell & Phillips, Portland.

*Lynn Moore,* Springfield, argued the cause and filed a brief for the respondent.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN and HOLMAN, Justices.

SLOAN, J.

On August 29, 1957, plaintiff was working on an overpass which was then being constructed over Highway 99E between Salem and Albany. At a time when plaintiff was working on the span across the highway, defendants attempted to drive a truck towing a mobile crane under the span. The crane collided with the span causing it to collapse as a result of which plaintiff sustained injury. This action resulted. Plaintiff was awarded verdict and judgment. Defendant appeals. This is the same accident as that involved in *Hazard v. Salles,* decided June 29, 1960, 222 Or 559, 353 P2d 548.

Defendants, in their brief, say that: "The most sharply contested issue—the crux of the case—was whether plaintiff was involved or injured in the accident at all."

The first assignment concerns a ruling of the trial court that permitted plaintiff to present the testimony of a witness in rebuttal which defendant contends should have been submitted as a part of plaintiff's case in chief. The trial judge, when he permitted the witness to testify, stated that he did not consider the evidence to be rebuttal, but would admit

it anyway. In effect, then, the court permitted plaintiff to reopen his case. We are not so certain but that the evidence may have been proper rebuttal. The ruling, in any event, was one which was within the discretion of the court. ORS 17.210 (3); *Riverside Cement Co. v. Masson*, 1914, 69 Or 502, 509, 139 P 723; *Crosby v. Portland Ry. Co.*, 1909, 53 Or 496, 513, 100 P 300, 101 P 204; *Davis v. Emmons*, 1898, 32 Or 389, 395, 51 P 652. There was no abuse of discretion.

■ Defendants' second assignment is directed at an instruction given by the court. No exception to the instruction was saved. The error, if there was one, does not justify review in the absence of an exception.

■ The third assignment complains of the failure of the court to allow a hospital record to be introduced as a business record. ORS 41.690. The admission of the record was also within the discretion of the court. We definitely cannot say the court abused his discretion in this instance.

The record did not pertain to the injury plaintiff alleged he sustained in the accident. It was a record made a year later when plaintiff sustained burns to a hand and arm. The hospital record contained a statement, presumably made by the doctor attending plaintiff for the burns, that plaintiff's past history "shows nothing of importance. He has had no serious illnesses, operations or disturbances of function of note." This part of the record is typewritten, obviously not written on the record when the doctor was examining plaintiff for the burns. There is nothing to indicate when the history was written, whether it was something the doctor observed, or if it was recorded in answer to a question to plaintiff, or if it was based upon the doctor's recollection at the time

the statement was written. No evidence was presented by defendant to show when or how the history was taken except by the custodian of the record who testified that generally the doctors wrote the histories. There was no evidence as to when or where the history had been written in this case. It does not appear that the history of the patient was relevant to the comparatively minor burns for which plaintiff was then being treated.

When the trial judge denied admission of the record he observed that the doctor was available to subpoena. This occurred late in the afternoon of the first day of the trial. The court shortly recessed from that date, November 21, until November 24 when the trial resumed. The defendants made no effort to produce the doctor, nor did they present evidence to indicate the doctor was unavailable. In such circumstances it would be difficult for us to say that even if the court erred that it would have been prejudicial error. The court did not abuse its discretion.

Affirmed.