Argued March 3, reargued September '8, reversed and remanded
October 26, 1966, petition for rehearing denied
February 1, 1967

MADRON ET AL *v.* THOMSON ET AL

419 P. 2d 611
423 P. 2d 496

*John S. Martel,* San Francisco, California, argued and reargued the cause for appellants. With him on the briefs were H. F. Smith, Klamath Falls, and Elke, Farella, Braun & Martel, San Francisco, California.

*Glenn D. Ramirez,* Klamath Falls, argued the cause for respondent Riley. With him on the briefs was D. L. Hoots, Klamath Falls. *Mr. Hoots* argued the cause on reargument.

*Stanley C. Jones,* Medford, argued the cause for respondent Thomson. On the brief were J. Anthony

Giacomini, Klamath Falls, and Jones & Reeder, Medford. *Mr. Giacomini* argued the cause on reargument.

Ridgway K. Foley, Jr., Portland, filed a brief as amicus curiae. With him on the brief were Mautz, Souther, Spaulding, Kinsey & Williamson, Portland.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

DENECKE, J.

A truck and trailer, together with the cargo thereon, belonging to the plaintiffs Madron were damaged by fire. The plaintiff insurance companies paid the Madrons a part of the loss pursuant to fire insurance policies issued to the Madrons. The defendants are a service station operator, Thomson, and his employee, Riley. Plaintiffs contend the fire was caused by defendants' negligence. The trial court directed the jury to return a verdict in favor of both defendants. Plaintiffs appeal.

The plaintiffs charged that the defendants were negligent in two particulars:

"(1) In endeavoring to fill and in filling the gas tank of a gasoline motor connected to the refrigeration unit upon the above-described motor truck while the motor on said refrigeration unit was left running by the defendants.

"(2) In filling the gas tank on the gasoline motor connected to the refrigeration unit upon the above-described motor truck and permitting said gasoline to overflow and to become ignited by the motor which said defendants negligently and carelessly permitted to remain running."

The plaintiffs put on their case in chief; defendant Thomson rested and moved for a directed verdict;

this motion was denied and defendant Riley took the stand in his own behalf. On cross-examination Riley denied ·that he had given any statement about the fire while he was in the hospital. After Riley completed testifying, he rested. Plaintiffs then put on as a rebuttal witness an insurance investigator, Rider. He testified that he had interviewed Riley in the hospital and Riley told him he had attempted to fill an operating gasoline motor on the truck which drove a fan, and that the gasoline overflowed and ignited. The plaintiffs rested and Riley put on surrebuttal evidence and rested. The defendants again moved for directed verdicts and their motions were granted.

The trial court was of the opinion that Rider's testimony of Riley's statement could only be considered as impeachment and not as substantive evidence of negligence and causation. The trial court was of the opinion that without such testimony there was no evidence of liability.

■ The rule is that prior statements of a witness, not a party, made out of the courtroom, are only admissible for the purpose of impeachment and have no other probative value.[1] This rule has been criticized, but we have followed it. E.g., *State v. Watts,* 208 Or 407, 411, 301 P2d 1035 (1956); for criticism see cases collected at 133 ALR 1454, 1462 (1941). The rule is a part of the hearsay rule. The statements are hearsay because they are not made under oath and are not subject to cross-examination at the time made.

■ The rule, however, is different if the prior statements are those of a party. Out-of-court admissions

---

[1] There is a narrow exception to the hearsay rule which permits the admission as probative evidence of hearsay "declarations against interest" of persons not parties. ORS 41.900; McCormick, Evidence (1954), ch 28, p 546; 5 Wigmore, Evidence (3d ed 1940), 259, § 1455· et seq.; 4 Or L Rev 222 (1925).

of a party are admissible as probative testimony despite their hearsay quality. ORS 41.900(2); *Bingham v. Lipman,* 40 Or 363, 369, 67 P 98 (1901); *Franklin v. Webber,* 93 Or 151, 156, 182 P 819 (1919); other cases from other jurisdictions collected in McCormick, Evidence (1954), 74, n 4.

■ Riley is a party and, therefore, Rider's testimony of Riley's purported admission is admissible and constitutes probative evidence of negligence sufficient to make a jury question on the issue of Riley's liability as a party defendant.

There still remains the question of whether Riley's admissions are sufficient to hold in Thomson.

The answer to this question involves an interplay of the rules of evidence and those of substantive law and the making of distinctions which we previously either were not required to make or did not make.

It is necessary to distinguish between (1) those actions in which the defendant employer is claimed to be liable, not because of any personal negligence or the negligence of some employees other than the employee making the admission, but solely because of the negligence of the admission-making employee; and (2) those actions in which the employer is sought to be held liable either because of his own personal negligence or the negligence of some employee other than the employee making the admission. In the first category there is no issue of the employer's negligence; it is not claimed that he is negligent. The sole claim is that his admission-making employee is negligent and the employer is therefore liable only by reason of the doctrine of respondeat superior.

The present action is in this first category. Plaintiffs do not claim that Thomson was negligent. Plaintiffs' claim is that Riley, the employee, while acting

within the scope of his employment, was negligent and that by application of the doctrine of respondeat superior Thomson, as well as Riley, is liable to plaintiffs.

In the second category of cases the alleged personal negligence of the employer or his employee, other than the admittor, is in issue. If the employee making the statement that the employer or another employee conducted themselves in a manner which could be construed as negligent and the making of such statement is outside the scope of the narrator's employment, it is as if the narrating employee were a stranger. The narrating employee might have some peculiar knowledge of the alleged negligence because he is an employee, but he has no authority whatsoever to speak for his employer on the charge of negligence made against the employer, and his statement can in no respect be considered an admission of his employer.

4. An employee or agent may have the authority to make admissions and thus be in the scope of his employment when such admissions are made; in that case they would be admissible as proof of the employer's personal negligence or the negligence of another employee. *Hansen v. Oregon-Wash. R. & N. Co.*, 97 Or 190, 188 P 963, 191 P 655 (1920). We have held repeatedly, however, that an admission made by most employees at some time after the tort has occurred is not within the scope of the narrator's employment and is, therefore, not evidence of the employer's negligence.[9] This rule has been followed by a majority of

[9] Alden v. Grande Ronde Lumber Co., 46 Or 593, 595-596, 81 P 385 (1905); Fredenthal v. Brown, 52 Or 33, 95 P 1114 (1908); Parker v. Smith Lumber Co., 70 Or 41, 138 P 1061 (1914); Marks v. Columbia County Lumber Co., 77 Or 22, 149 P 1041, Ann Cas 1917A 306 (1915); Hazard v. Salles, 222 Or 559, 562-563, 353 P2d 548 (1960).

the courts, but is also criticized and has been rejected by the draftsmen of the Uniform Rules of Evidence. Swearingen, *How the Adoption of the Uniform Rules of Evidence Would Affect the Law of Evidence in Oregon: Rules 62-66,* 42 Or L Rev 200, 219-221 (1963); McCormick, Evidence (1954), § 244. We need not determine in this case whether the criticism is valid.

Assuming the validity of the majority rule, the admission cannot be held to be an act of the employer just as any other act of the employee outside the scope of his employment cannot be held to be an act of the employer.

When, however, the issue is whether or not the employee who made the admission is negligent, not whether his employer was negligent, we have already stated when commenting upon the liability of Riley that such an admission is evidence of such employee's negligence, and the only issue of negligence is that of the employee. In this case Riley is a party and the testimony of the admission is admissible because it is an admission of a party and, as previously stated, it is evidence of Riley's negligence.

Our past decisions have not made this distinction between charges of personal negligence against the employer and charges of negligence only against the employee-admittor. The matter has never been discussed in our opinions. For example, in *Alden v. Grande Ronde Lumber Co.,* supra, it is impossible to determine whether the plaintiff is relying only upon a claim of negligence against the employee who made the admissions or is asserting negligence against other employees which would hold the defendant corporation by the doctrine of respondeat superior. This court

simply stated the usual rule of agency applicable to admissions as well as to other conduct:

"* * * 'The rule which admits admissions of an agent in an action against his principal applies only in two cases: (1) Where the scope of the agency is such that the agent is an agent for the purpose of making the particular admission—as, where an attorney, in the course of a trial, makes a solemn admission against the interest of his client. (2) Where the admission is in the form of a declaration made by an agent, while acting within the scope of his agency, and about the business of his principal, concerning such business. * * *.'" 46 Or at 595.

The issue will usually arise when the admitting employee is a party defendant. If he is not, the admission is usually inadmissible because of the hearsay rule. *Hazard v. Salles,* supra (222 Or 559), appears to be the only Oregon case in which the employee was a party defendant. In that case, however, no mention is made of this distinction between relying solely upon respondeat superior and the negligence of the admitting employee or relying at least partially upon some other negligence of either the employer, personally, or other employees. One charge of negligence in that case, having an overweight vehicle, was equally applicable to the employer-defendant and to the employee-defendant. Upon that basis the statement of the court that the evidence of the admission of the employee-defendant that the vehicle was overweight was inadmissible against his employer-defendant can be interpreted to apply to the charge of personal negligence against the employer, and we agree with such statement.

■■ In this case Thomson can be held liable only through the application of the doctrine of respondeat

superior. Since scope of employment is not an issue in this case, Thomson is liable if his workman was negligent. Conversely, Thomson is not liable if the employee is not found to have acted negligently. See *Eckleberry v. Kaiser Foundation,* 226 Or 616, 627-628, 359 P2d 1090, 84 ALR2d 1327 (1961). Therefore, if there is any evidence that the employee was negligent, a question is made for the jury and a verdict may be returned against the employer. Also, where the employee's conduct is conceded to be within the scope of his employment, his conduct, if negligent, necessarily results in the imposition of liability upon his employer. The employer is liable for his workman's fault no matter how innocent of fault he may be himself. Thus, where the employee has admitted his negligence, an admission that is manifestly against his own interest as a potential defendant, this admission can result, indirectly, in liability being imposed upon the employer. The admission does not constitute evidence that the employer was negligent, but since it constitutes evidence that the workman was negligent, the employer becomes liable under respondeat superior in cases in which that doctrine properly applies. See *Gossett v. Simonson,* 243 Or 16, 411 P2d 277 (1966).

This is not an instance of an unauthorized attempt to speak for and bind someone else. The employee's admission is not with reference to any conduct of his employer. The employee's admission relates to his own conduct.

Logically, it is immaterial whether the admission is introduced by testimony of an out-of-court statement made by the employee or by the testimony of the employee while on the stand in the immediate case. Certainly, if the plaintiff calls the employee as a witness it is not made within the scope of the narrator's

employment. If the statement is an out-of-court statement, it has been held competent and admissible as being trustworthy despite its hearsay origin. Its weight may be less than an admission made from the witness stand, i.e., oral admissions are to be viewed with caution, but it nevertheless constitutes some evidence.

We have seen no statements in the decisions that an employee's admission made outside the scope of his employment, but made concerning conduct performed within the scope of his employment, is more untrustworthy than other admissions and, therefore, not admissible against the employer as a matter of policy. Although there appear to be no decisions mentioning the matter, it is possible that the admission might not be trustworthy because it could be made by a disgruntled employee who believed any financial prejudice created by his statement would fall upon his employer, not upon him. This possible state of affairs, however, is as likely to occur regarding testimony given by the employee on the witness stand as with a statement made outside the courtroom.

*Grayson v. Williams*, 256 F2d 61, 66-68 (10th Cir 1958), ruled in accordance with the reasoning just stated. That was an action for personal injuries against the driver, Grayson, and his employer, Southern Freightways, Inc. The plaintiff offered admissions of the defendant driver made while he was in the hospital several hours after the collision. The court stated:

> "But there is yet another reason why we think the judgment must be affirmed. This is not a case in which the corporation is charged with wrongful acts of commission or omission which would make it liable, such as putting defective equipment upon the highway. It is charged with no wrongdoing

other than the wrongdoing of its agent, Grayson. It is liable only if Grayson, acting within the scope of his employment, was guilty of conduct which would impose liability upon him. Then by operation of law alone and without more, liability is imposed upon it. The liability of Grayson depended upon facts; that of the company depended upon the applicable law when the facts were once established. * * *

"* * * * * *

"In order to find Southern Freightways, Inc. liable because of Grayson's acts, it was necessary to establish two facts; (1) that Grayson was acting within the scope of his employment; and (2) that he was guilty of actionable negligence. The first fact was admitted. Grayson's admissions against his interest were properly admitted to establish his negligence. These admissions constituted evidence from which the jury could find together with other facts that he was liable for the accident. Any facts properly admitted to establish his liability were sufficient, without more, to impose liability upon his employer. Had the court sustained the motion and instructed the jury that the admissions were limited to a consideration of Grayson's liability and could not be considered in determining liability of Southern Freightways, the result would have been the same. The court might well have instructed the jury, in fact it did instruct the jury in substance, that no acts of negligent conduct were charged against Southern Freightways other than Grayson's negligence; that it was sought to be held liable only for acts of its employee, Grayson, committed in the course of his employment; and that if the jury found that he was engaged in the course of his employment and was negligent, and that such negligence caused the collision, then the jury should return a verdict against Grayson because of his negligence and against Southern Freightways, even if there was no evidence of negligence other than Grayson's negligence against it, because in law it

would be liable for the actionable negligence of its employee committed in the course of his employment.

"Let us assume that the court had instructed the jury that it could consider Grayson's declarations only in determining his negligence and together with a general verdict had submitted these three special questions to the jury.

"1. Was plaintiff guilty of contributory negligence?

"2. Was Grayson guilty of negligence?

"3. Was his negligence the proximate cause of the accident?

If the jury had answered 'no' to the first question and 'yes' to questions 2 and 3, and then had returned a general verdict against Grayson and a general verdict in favor of Southern Freightways, Inc., would not the court have been required to sustain a motion for judgment against Southern Freightways, Inc., notwithstanding the general verdict in its favor? To hold otherwise would be to make a mockery of the law, because it would mean that the agent had been found guilty of actionable negligence, upon competent evidence, while acting within the scope of his employment, yet his principal had escaped." 256 F2d at 67-68.

*Anderson v. Talman Office Supplies, Inc.,* 234 NC 142, 66 SE2d 677 (1951), also held in accordance with our reasoning and that of *Grayson v. Williams,* supra (256 F2d 61). The court in *Anderson* stated:

"That the declarations of Dockery made immediately after the collision were admitted only as against him does not affect the result as to the corporate defendant. It is not alleged that the corporate defendant committed any act of negligence. As to it, plaintiff relies on the doctrine of *respondeat superior.* If, upon consideration of all the evidence, the jury shall find that plaintiff suffered injuries as a proximate result of the negli-

gence of Dockery, then Dockery's negligence will be imputed to the corporate defendant, thus imposing liability upon it for the injuries sustained." 234 NC at 145.

Last year a majority of one overruled *Anderson v. Talman Office Supplies, Inc.*, supra. *Branch v. Dempsey*, 265 NC 733, 145 SE2d 395 (1965). In our opinion the majority in reaching a conclusion contrary to our conclusion in the present case failed to reason in a manner persuasive to us. We find the dissenting justice's reasoning more logical. Mr. Justice Parker, dissenting, stated:

"Plaintiff has no evidence of any wrongdoing on the part of Simons other than the wrongdoing of his employee Dempsey. Simons is liable only if Dempsey, his employee and acting within the scope of his employment, was guilty of conduct which would impose liability upon Simons. If Dempsey was guilty of such conduct, then by operation of law alone, and without more, liability is imposed upon Simons. The liability of Dempsey depends upon facts; that of Simons depends upon the applicable law when the facts are once established. * * *." 265 NC at 752.

If the views advanced here and in the above-quoted cases are deemed questionable, the other courses open appear to us to be more objectionable. The employee's admission could be held to be inadmissible even as against the employee-defendant for the reason that it would result in the trier of fact being able to hold the defendant employer liable. This runs counter to our accepted rule that admissions of a party are admissible and have probative value upon the issue of that party's negligence. Such reasoning also fails to observe the distinction that the admission is only proof of the employee's negligence, not the employer's.

The only other alternative is to hold that while the

employee's negligence may be proved by his admission, and the employee may, therefore, be held liable, the employer-defendant cannot be held liable upon the basis of such admission. This runs counter to the even more entrenched rule that if an employee is negligent while acting within the scope of his employment, and held liable, his employer, by the rule of respondeat superior, is liable. The only possible way to escape the force of this rule would be to reason that while an employer is ordinarily liable for the negligence of his employee, this should not be the rule if the employee's negligence can only be proved by the employee's admission. Such an exception to the rule of respondeat superior is without any logical or policy justification.

■ Thomson contends that we can only consider the evidence against Thomson which was introduced prior to the time Thomson rested, which was after plaintiffs' case in chief but before Rider's testimony of Riley's admission. Thomson's motion was premature as Riley had not rested at the time of Thomson's first motion.[9] A motion for a directed verdict is properly made after all the evidence is introduced and all the evidence introduced by any party is considered in determining the ruling upon such motion. *Mayor v. Dowsett,* 240 Or 196, 219-220, 400 P2d 234 (1965). The essence of Thomson's contention in this regard is that the evidence of the admission was not proper rebuttal evidence against him. It was admissible against both defendants. As stated, any evidence of the employee's negligence is, by operation of the doctrine of respondeat superior, relevant to the issue of the employer's liability.

Reversed and remanded.

---

[9] Thomson renewed his motion after Riley had rested and this motion was granted and is the subject of plaintiffs' assignment of error.

McALLISTER, C. J., concurring in part, and dissenting in part.

I agree that Riley's admission is admissible against him, and makes a jury question as to his liability. I do not agree that Riley's admission is admissible against his employer. It has been the rule in Oregon and elsewhere that admissions or declarations, not part of the *res gestae,* made by one through whose negligence injury is caused to another, tending to prove such negligence, while admissible against the person so causing such injury, are not admissible as against one constructively liable for such person's negligence in an action against both for the injuries so caused. The court should instruct the jury that such admissions or declarations so admitted in evidence should be considered only in determining the liability of the defendant actually causing the injuries, and not in determining the liability of the defendant constructively liable for the negligence of the other defendant. 75 ALR 1534 (1931); *Hazard v. Salles,* 222 Or 559, 562, 353 P2d 548 (1960); *Bullington v. Farmer's Tractor & Implement Co.,* 230 Ark 783, 324 SW2d 517 (1959); *Square Deal Cartage Co. v. Smith's Adm'r,* 307 Ky 135, 210 SW2d 340 (1948); *Smith v. Jungkind* (Tex Civ App) 252 SW2d 596 (1952).

I think the prevailing rule should be applied in this case.

PERRY, J., concurs in this opinion.

**ON PETITION FOR REHEARING**

Stanley C. Jones, Medford, and J. Anthony Giacomini, Klamath Falls, filed a brief in support of the petition.

H. F. Smith, Klamath Falls, John S. Martel and Elke, Farella, Braun & Martel, San Francisco, California, contra.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN,* Justices.

DENECKE, J.

The petition for rehearing is denied.

The following statement is made in the initial opinion:

"* * * Thomson's motion was premature as Riley had not rested at the time of Thomson's first motion.⑨ A motion for a directed verdict is properly made after all the evidence is introduced and

---

* Holman, J., did not participate in this decision.

all the evidence introduced by any party is considered in determining the ruling upon such motion.
\* \* \*"

We believe it advisable to clarify this statement as follows:

■ A motion for a directed verdict by one defendant should not be considered until such time as all the evidence is in if there is any probability that any evidence to be offered might make out a case against the moving defendant. *Bates v. Miller,* 133 F2d 645, 648 (2d Cir 1943) ; *Sadler v. Draper,* 46 Tenn App 1, 16, 326 SW2d 148, 155 (1959) ; Annotation, 48 ALR2d 535 (1956).