Johnny James HARTMAN, Jr. and Wife, Geneva Hartman, Appellants,

v.

TRIO TRANSPORTATION, INC., d/b/a A & F Motor Lines, Appellee.

No. 06–96–00046–CV.

Court of Appeals of Texas, Texarkana.

Argued Nov. 19, 1996.

Decided Dec. 5, 1996.

Rehearing Overruled Jan. 7, 1997.

James C. Wyly, Troy A. Hornsby, Keeney, Anderson, Miller, James, Texarkana, for appellants.

John R. Mercy, Atchley, Russell, Waldrop, Texarkana, for appellee.

Before CORNELIUS, C.J., and GRANT and STARR, JJ.

## OPINION

STARR, Justice.

This a personal injury negligence case tried to a jury. Appellants, plaintiffs below, sued a truck driver, James Griffin, and his employer, Trio Transportation, Inc., for injuries to Johnny Hartman which occurred when the driver pulled away from the loading dock at Cooper Tire and Rubber Plant. The jury found the truck driver, Griffin, to have ninety percent responsibility for the harm. Hartman was found to have ten percent responsibility for the harm.

Appellants present four points of error. The first two points relate to (1) the trial court's refusal to deem admitted certain requests for admission directed to Griffin, and (2) the trial court's refusal to admit into evidence against Trio Transportation, Inc., the requests for admission directed to Griffin.

The situation facing the trial judge at the time of his ruling during trial was complicated by the fact that Griffin, the driver, was not present for the trial and was not represented by counsel at the trial. The requests for admission were personally served upon Griffin, but he did not answer them or make any appearance thereafter in the case. At the time of the offer of the request for admissions during trial, the trial court observed, "James Griffin has skipped, obviously, on this. He's not represented, he's not responded, he's not done anything" and concluded that receipt of the admissions into evidence against Trio Transportation, Inc. would not be fair.

Although the parties stipulated that Griffin was acting in the course and scope of his employment at the time of the occurrence and that he was negligent, appellants' counsel justified the use of Griffin's admissions against Trio on the basis that it was the only way of getting information from the driver. Scheduled depositions had been cancelled because of his absence. In oral argument appellants stressed that appellee vigorously contested that the accident in question (rather than a later accident) actually caused appellants' damages. Appellants contended that it was necessary to use the deemed admissions on the contested issue of causation.

The trial court made it clear that if appellants wished to sever out the claim against Griffin and proceed on it separately, then the use of the admissions by Griffin would be allowed against him, but as to the defendant Trio "I feel like the prejudice that this would create by letting this come in as deemed admissions, and under the Doctrine of Respondeat Superior, would be horribly prejudicial to a fair trial." Appellants did not make a limited tender or request a jury instruction to limit the use of the admissions to Griffin only.

The transcript does not contain the requests for admission addressed to Griffin. However, for the purposes of the record they were offered as Plaintiffs' Exhibit Number Two. At the time of objecting to appellants' tender of Exhibit Number Two counsel for appellee stated:

> Those requests for admissions deal with medical expert opinions and not with common layman's knowledge, and certainly not with the common knowledge of Mr. Griffin in regard to the incident that happened.

It is unquestioned that some of the requests for admission directed to the truck driver did relate to sophisticated medical information, as demonstrated by the trial judge's reading of them in court:

> THE COURT: Eighteen, as a direct and proximate result of Trio Transportation employee James Griffin injuring Johnny Hartman on August 15, 1992, Mr. Hartman suffered injuries to the disks in his spine located at C–5/6, L–4/5 and L–5/S–1?

And:

> THE COURT: Number Nineteen, as a direct and proximate result of the spinal injuries caused by Trio Transportation employee James Griffin, Johnny Hartman was forced to undergo surgeries which included a lumbar laminectomy with an L–5/S–1 diskectomy and a cervical diskectomy with anterior interbody fusion?

As well as other matters that the driver, Griffin, could hardly have been expected to know, as follows:

> THE COURT: Number Twenty–Two, due to the injuries caused by Trio Transportation employee James Griffin to Johnny Hartman, his wife, Geneva Hartman, has suffered damages because she and Johnny can no longer share and enjoy the physical intimacy they once did. She has to drive for both of them. She has to do yard work, shopping and other work around the house?

And:

> THE COURT: Number Twenty–Four, Johnny Hartman has suffered from excruciating pain due to the injuries he received from surgeries he was forced to undergo as a result of Trio Transportation employee James Griffin injuring him on August 15, 1992?

And:

> THE COURT: Twenty–Five, Johnny Hartman will continue in the future to suffer from excruciating pain due to the injuries he received and surgeries he was forced to undergo as a result of Trio Transportation employee James Griffin injuring him on August 15, 1992?

On the other hand, certain of the requests for admission related to information that Griffin, and only Griffin, could confirm or verify. For example:

> THE COURT: Number Nine, on August 15, 1992, as a direct result of being thrown around in the trailer, Johnny Hartman had difficulty walking from the trailer attached to the Trio Transportation truck and immediately complained to James

Griffin that he was experiencing pain in his lower back, hips, legs and neck?

On oral argument appellants emphasized the following as being an important item of information which could have come only from Griffin:

> THE COURT: Number Four, on August 15, '92, prior to driving a Trio Transportation truck away from K–4 dock with Johnny Hartman inside an attached trailer, James Griffin removed the blocks from the wheels of the trailer?

■ We agree with appellants that the requests for admission were deemed admitted as to the driver, Griffin, the party to whom the requests were directed. TEX. R.CIV.P. 169. After the expiration of thirty days from the date of service the admissions are automatically deemed admitted without any order by the court, or any exercise of discretion. *Fibreboard Corp. v. Pool,* 813 S.W.2d 658, 682 (Tex.App.—Texarkana 1991, writ denied). In fact, appellee refers in its brief to "the admissions which were deemed against James Griffin." Griffin was clearly bound by the deemed admissions, but Griffin is not a party to this appeal.

■ The case turns on the second point of error. Did the trial court abuse its discretion in refusing to allow Griffin's unanswered admissions to be presented to the jury over the objection of Trio Transportation, Inc.?

Numerous cases hold that in a suit against multiple defendants, evidence as to a request for admissions made by only one defendant is not admissible against the others. *USX Corp. v. Salinas,* 818 S.W.2d 473 (Tex.App.—San Antonio 1991, writ denied); *Texas Supply Center, Inc. v. Daon Corp.,* 641 S.W.2d 335, 338 (Tex.App.—Dallas 1982, writ ref'd n.r.e.); *Members Mutual Ins. Co. v. Randolph,* 477 S.W.2d 315 (Tex.Civ.App.—Houston [1st Dist.] 1972, writ ref'd n.r.e.); *Lovett v. County of Harris,* 462 S.W.2d 405 (Tex. Civ.App.—Houston [1st Dist.] 1970, writ ref'd n.r.e.); *Bryant v. Kimmons,* 430 S.W.2d 73 (Tex.Civ.App.—Austin 1968, no writ); *Davis v. Coastal States Petrochemical Co.,* 405 S.W.2d 854 (Tex.Civ.App.—Houston [1st Dist.] 1966, no writ); *Trice Contract Carpets & Furniture, Inc. v. Martin,* 334 S.W.2d 554 (Tex.Civ.App.—Amarillo 1960, no writ); *Talbott v. Hogg,* 298 S.W.2d 883 (Tex.Civ.App.—Amarillo 1957, writ dism'd); *Sanchez v. Caroland,* 274 S.W.2d 114 (Tex.Civ.App.—Fort Worth 1954, no writ) (involving a very similar relationship between a truck driver and the truck owner who employed him).

In *Daon, supra,* the rationale for exclusion is set forth, at page 338, as follows:

> In *Freestone County Title and Abstract v. Johnson,* 594 S.W.2d 817, 818 (Tex.Civ. App.—Dallas 1980, no writ), we recognized that the statements of one defendant cannot be considered as judicial admissions of a co-defendant under Rule 169 because that rule provides only that any matter admitted under its provisions "is conclusively established as to the party making the admission." As against a co-defendant, such admissions are hearsay and are admissible, if at all, only as extra-judicial admissions where there is a "joint interest or privity in design" between the defendants. The rationale underlying the *Freestone County Title and Abstract v. Johnson* decision is even more compelling where the party to whom the request for admissions were made does not respond to them. The action by the trial court in deeming admitted each of the matters of which an admission is requested is a judicial sanction designed to encourage compliance under Rule 169. Consequently, the matter deemed admitted is not an assertion that is admissible for the truth of the matter asserted as an exception to the hearsay rule. It cannot be said that a party, by failing to answer a request for admission, has made a statement that may in turn be imputed to his co-party under the theory of vicarious admissions.

Appellants recognize the line of authorities set forth above and acknowledge that the reason for the rule is that the admissions are *hearsay* as to co-parties. Appellants insist, however, that the co-party rule is not applicable here because it is only against Griffin that the admissions are being used. Trio Transportation is only involved, according to appellants, by reason of vicarious liability attaching as a matter of law under the doc-

trine of respondeat superior. Appellants' theory is succinctly stated in their brief:

> Further, because Trio–Transportation is not sued individually but under the theory of respondeat superior, it is unnecessary for Griffin's admission to be directly used against Trio–Transportation. Rather, Hartman simply wishes to attribute the deemed admissions to Griffin. Trio–Transportation simply becomes liable through vicarious liability, if Griffin is found negligent.

Appellants' theory was squarely presented to the Supreme Court of Texas in *Big Mack Trucking Co. v. Dickerson,* 497 S.W.2d 283 (Tex.1973), and rejected. In that case wrongful death beneficiaries sued Big Mack and its driver, Leday. The jury found that Leday was an employee of Big Mack, acting as such, when he committed negligent acts proximately causing the accident and death. After the verdict, Leday was dismissed on plaintiffs' motion and judgment was rendered against Big Mack. Leday had made certain extra-judicial statements about the circumstances of the accident. The Texas Supreme Court discussed the admissibility of Leday's statements against Big Mack, at page 286, as follows:

> Respondents assert that in an action against a servant and master, the master having been joined under respondeat superior, it is not necessary that the evidence proving the servant's negligence and proximate cause be competent evidence against the master in order to support a judgment against the master. The notion is that the master's derivative liability is imposed by law once the liability facts are proven by evidence competent against the servant. That proposition finds support in *Madron v. Thomson,* 245 Or. 513, 419 P.2d 611, 27 A.L.R.3d 953 (1966) and *Grayson v. Williams,* 256 F.2d 61 (10th Cir.1958) and, in backhand fashion, A.L.I., Model Code of Evidence Rule 508(c) (wherein evidence admissible against the servant to prove his liability is said to be ipso facto admissible against the master).
>
> We cannot accept such a view. The suggestion is that with respect to proof of the servant's liability, which we deem an essential element of plaintiffs' *case against the master,* the master loses the protection of the hearsay rule. Any reason which suggests that the master should lose the protection of that rule would also militate against the master's right to offer contrary evidence, to cross-examine plaintiffs' witnesses, to object to evidence on grounds other than hearsay, or indeed, even to plead the general denial which requires the plaintiffs to prove the servant's liability in the first place. Although we have found no Texas case specifically holding that evidence of the servant's negligence must be admissible against the master in order to sustain a judgment against the master, we believe that the unspoken principle was necessarily followed in *Isaacs v. Plains Transport Co.,* 367 S.W.2d 152 (Tex.1963) and *Waggoner v. Snody,* 98 Tex. 512, 85 S.W. 1134 (Tex.1905). *See* Annot., 27 A.L.R.3d 966 (1969).
>
> Since the evidence of Leday's negligence and proximate cause must be admissible against Big Mack in order to support the judgment against it, and since all evidence offered to prove those facts was hearsay, the question becomes whether the hearsay is admissible against Big Mack under any hearsay-rule exception known to Texas law.

The Supreme Court went on to hold that the agent's hearsay statements should be received against the principal as vicarious admissions only when the trial judge finds, as a preliminary fact, that the statements were authorized. The court relied upon RESTATEMENT (SECOND) OF AGENCY § 287 (1958) as creating a rebuttable presumption of lack of authority.

It has now been recognized that *Big Mack Trucking Co. v. Dickerson, supra,* has been modified by the Texas Rules of Civil Evidence. *See* TEX.R.CIV.EVID. 801(e)(2)(D). The *Big Mack* case had limited the category of statements of an agent or servant that are admissible against the principal or master to those statements that were within the scope of the employee's authority, if any, to speak on the principal's behalf. Now, under the Texas Rules of Civil Evidence, those statements not to be considered hearsay include a

statement by an agent or servant concerning a matter within the scope of his/her agency or employment made during the existence of the relationship. *Norton v. Martin,* 703 S.W.2d 267 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.). This broadening of Rule 801(e) does not affect our holding because the employment relationship between Griffin and Trio Transportation had ceased to exist when the requests for admission were filed, served on him, and went unanswered by him.

To summarize our analysis, it is clear that the unanswered requests for admission directed to Griffin were binding against him. They are deemed admitted as to Griffin. They constituted judicial admissions as to him *only.*

The above analysis brings forth the matter of a limiting instruction. Appellee contends by a reply point that appellants waived any complaint concerning the exclusion of the Griffin admissions because of the failure to make a limited tender and request a limiting instruction. TEX.R.CIV.EVID. 105 provides that when evidence which is admissible as to one party but not admissible as to another party "is excluded, such exclusion shall not be a ground for complaint on appeal unless the proponent expressly ... limits its offer to the party against whom it is admissible." In this case the tender of the unanswered admissions was not limited to Griffin, and no limiting instruction was requested by appellants.

We hold that the trial court properly excluded the unanswered Griffin admissions as tendered. We overrule appellants' first two points.

In appellants' last two points complaint is made that (1) there is no evidence to find Hartman contributorily negligent, and (2) there is factually insufficient evidence to find Hartman contributorily negligent. Appellee concedes these points. Therefore, we hold that the trial court should have disregarded the jury's finding on contributory negligence and rendered judgment for appellants in the amount of $3,700.00 plus prejudgment interest and costs of court.

In all other respects, the trial court judgment is affirmed.